THE SELMA, ROME AND DALTON RAILROAD COMPANY, plaintiff in error, *vs.* H. M. CAMP, defendant in error.

1. In the assessment of damages to the owners of property, caused by the location and use of a railroad, the actual damage resulting directly from an invasion of their rights of property by the railroad company, is the measure of damages to be rendered.

2. When a railroad company institutes proceedings, under the provisions of their charter, against one as the owner of land, who is in possession thereof, for the assessment of damages for taking the land for the use of the road, such recognized owner will not be required to prove his title to the land at the time of the trial.

Evidence. Damages. Before Judge HARVEY. Floyd Superior Court. January Term, 1871.

This cause is sufficiently reported in the opinion, which was delivered from the bench.

PRINTUP & FOUCHÉ, for plaintiff in error. Under the company's charter, the fee of right-of-way passes to it upon its paying the damages: Acts of Ala., 1851–2, p. 344; Acts of Ga., 1865–6, pp. 207, 210; Acts of 1866, p. 124. Therefore, Camp must show title in himself: 1 Redfield, 270, and note, 347 (9;) 5 Wendell, 423, 452; 6 Wis. R., 636. The damages are too remote: 1 Redfield, 343; 23 Ga. R., 402; 28th, 46.

WRIGHT & FEATHERSTON, for defendant in error. Damages to mill not too remote, for the Act provides remedy for

damages " to lands or other property through or near which" the road may pass: 56 Penn. St. R., 460; 2 Ad. and Ell., (U. S.) 347; 2 B. and S. R., 617; 10 Ire. C. L. R., 46; 51 Maine R., 318. Such damages are actionable without the charter: R. Code, secs. 2947, 2970, 740, 741, 3196; 1 Redf. on Railways, 334. Camp's title not in issue: 1 Redf. on Railways, 372. He could recover, notwithstanding his sale of the mill: 1 Redf. on Railways, 375 (5,) 348 (11;) 17 Ga. R., 40; 15 Pick R., 206.

WARNER, Chief Justice.

1. This case came before the Court below on an appeal from the assessment of damages, under proceedings instituted by the Selma, Rome and Dalton Railroad Company, under the provisions of the charter of the company, to ascertain the damage done to H. M. Camp, of the county of Floyd, by the location of the railroad on his land. On the trial, the jury found a verdict for $500. A motion was made for a new trial, on the part of the railroad company, which was overruled, and the company excepted. The evidence is, that five acres of land was taken by the company, worth $125; the other damage done to his property is proved to have been $250, making the entire actual damage sustained $375. It is true that the plaintiff states that his mill, which is located on another tract, about two hundred yards from the railroad, was injured $600, but in what manner the location of the road injured it is not stated, except the loss of custom, and that it cost him $1,100, and he has sold it for $400. Nelms, the miller, testifies, that the custom to the mill decreased about one-half after the railroad was built, and that Camp sold the mill before the road was finished, but after the grading and change of the mill-road. The damage done to the mill, for which the plaintiff is entitled to compensation, is the actual damage done to his property by the location and use of the road, resulting directly from an invasion of his property by the railroad company.

2. If the plaintiff had instituted a suit against the company for an invasion of his free-hold estate, then he might have been required to prove a title to his land, but as the railroad company originated the proceedings against him, as the owner of the land, to assess the damages for the right-of-way, under their charter, and he being in possession of the land, and recognized by the company as the owner thereof, it was not incumbent on him to prove his title to the land at the trial. In the view which we take of this case, our judgment is, that the judgment of the Court below should be reversed, unless the plaintiff shall consent to write off from the verdict the sum of $125, so as to leave the sum of $375 as the amount of the verdict, and in the event he shall consent to do so, that the judgment be affirmed for that amount.

Let the judgment be entered accordingly.