# The Lafayette, Bloomington & Mississippi Railroad Company

*v.*

## Charles M. Winslow *et al.*

1. Evidence—*opinions of witnesses.* Where a railroad company sought to condemn city lots with buildings thereon for the use of their road, it was held, that as lands and city lots have no standard value, it was right and necessary to take the opinions of witnesses, and to hear the facts upon which such opinions were founded, to enable the jury to fix the compensation to be awarded to the owners.

220     L. B. & M. R. R. Co. *v.* Winslow *et al.* [Sept. T.

Opinion of the Court.

2. RIGHT OF WAY—*measure of compensation.* The law requires that for all the property taken by a railroad company for its use, or damaged by it, just compensation must be made to the owners. If a building stands in the way of the road, which it is necessary to destroy, its value must be paid by the corporation, and the jury, in estimating its value, will take into consideration, not the value of the materials composing the building, but the value of the building as such. Should any of the *debris* remaining on its removal or destruction be appropriated by the owner of the land, to the extent of its value will the claim of the owner be lessened.

3. If asked, the court should instruct the jury to take into consideration the fact, that the corporation acquires only an easement in the land condemned, and they should allow to that fact such importance as they deem proper.

4. SAME—*evidence of trespass and matters of aggravation.* On the assessment of the compensation to be paid the owners of land taken for railroad purposes, the court permitted to go to the jury evidence of the violent entry into the premises by the agents and servants of the company, which was detailed at great length, going to show a wilful trespass: *Held,* that such evidence was improperly admitted, and that the error was not cured by instructing the jury to disregard it.

5. ERROR—*when substantial justice is done.* Where, upon the whole record in any case, this court can see that justice has been done, it will not be inclined to reverse a judgment for mere error in the admission of improper testimony.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. HIGGINS, SWETT & QUIGG, for the appellants.

Messrs. HUGHES & McCART, and Messrs. PILLSBURY & LAWRENCE, and Mr. L. E. PAYSON, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding to condemn certain land in the city of Bloomington for the roadway of the Lafayette, Bloomington and Mississippi Railroad, a company chartered by an act of the General Assembly of this State, approved February 28, 1867. The proceedings were instituted by the company under the act approved June 22, 1852.

The land taken was near the centre of the city, on the east side of Main street at the terminus of the Bloomington and Normal horse railway, immediately north of and adjoining the spot where the Indianapolis, Bloomington and Western Railway crosses that street, which is understood to be the most important business street in that city, and the only one running north and south leading out of the city. The premises were made up of several buildings, which were destroyed in whole, or in part, by the appellants.

The jury found a verdict for appellees of twelve thousand dollars.

To reverse this judgment the railroad company appeal.

The first point appellants make is, that the damages are excessive. They insist, as they acquire by these proceedings only an easement in the land, the value of that easement is the measure of damages.

Much testimony was heard on both sides as to the value of the property, such testimony for the most part consisting of the opinions of witnesses. The jury seem to have taken as their guide in reaching their conclusion, the highest estimate, or nearly so, of appellees' witnesses.

As land and city lots have no standard value, it is right and necessary to take the opinions of witnesses and to hear the facts upon which such opinions are founded. *M. and Wis. R. R. Co.* v. *Von Hoon,* 16 Wis. 257. Those opinions should be carefully compared and weighed by the jury, and a medium reached which will do justice or approximate it. We think, on such comparison, the value of the property taken was much less than the amount of the verdict, allowing reasonable compensation for the buildings destroyed.

It is contended by appellants that these should not be charged against them, as they did not, by the condemnation, become the owner thereof.

In this case the proof shows the corporation took for their purposes all the land of the owners, and to do so, destroyed the buildings upon it. The constitution, in the Bill of Rights,

sec. 13, provides, that private property shall not be taken or damaged for public use, without just compensation. &ast; &ast; The fee of land taken for railroad tracks without consent of the owners thereof, shall remain in such owners, subject to the use for which it is taken.

For all the property of appellees taken by the corporation for their uses, or damaged by it, just compensation must be made to the owners. If a building stands in the way of the road which it is necessary to destroy, its value must be paid by the corporation, and the jury, in estimating its value, will take into consideration, not the value of the materials composing the building, but the value of the building as such. Should any of the *debris* remaining on its removal or destruction be appropriated by the owner of the land, to the extent of its value will the claim of the owner be lessened. Just compensation, and that only, is all the owner has a right to demand, and that must be made to him.

If asked, the court should instruct the jury they should take into consideration the fact, that the corporation acquires only an easement in the land, and they should allow to that fact such importance as they deem proper. The case seems to have been tried on the theory that the fee passed to the corporation by these proceedings, and such is the act of 1852. The attention of the jury was not called to the provisions of the constitution above quoted, which were in force when these proceedings were commenced.

Another point made by appellants is, that improper evidence was introduced by appellees against the objection of appellants. We are satisfied the evidence of the violent entry into the premises, in which was detailed at great length the forcible acts of the employees of appellants upon the premises, going to show a wilful trespass by them, should not have gone to the jury. Under the excitement naturally produced by such testimony, a jury would be apt to lose sight of the real matter in controversy, and instead of allowing just compensation for the value of property taken, or to be

taken, under a law of the State, for a legitimate purpose, amerce the supposed aggressors in vindictive damages as for a wilful trespass.  It is true, the court, in a proper instruction to the jury, directed them to disregard all testimony of that character, but the wrong was done, and it is not always easy to remove from the minds of a jury impressions produced by testimony which the court has admitted against objections.  It is of the utmost importance, in trials by jury, that the testimony given to them should be free from all exception.  To effect this purpose, rules framed with great skill and which have received the approval of all courts, have existed for years, and which we are not at liberty, did we so desire, to disregard.

The inevitable tendency of such evidence is to mislead, and the extent of the mischief produced by it can not well be calculated.  We are compelled to believe, from the amount of this verdict, that this testimony had a great influence on the minds of the jury, inducing them, instead of assessing just compensation for property taken for railroad purposes, to mulct the corporation in damages for a wilful trespass.  The jury were misled by this testimony to do injustice, and their verdict must be set aside.

We may say, however, if, upon the whole record · in any case, we can perceive that justice has been done, we might not be inclined to reverse a judgment for the cause alleged. Here, justice has not been done, and we have no hesitation in reversing the judgment for the causes stated, and remanding the cause for further proceedings consistent with this opinion.

*Judgment reversed.*

Mr. JUSTICE SCOTT took no part in this decision.