MARTIN MATZON *et al.*

*v.*

GEORGE B. GRIFFIN.

1. REAL ESTATE—*what it embraces.* The term "real estate" embraces lands, tenements and hereditaments, and the general rule is, that buildings erected upon and fixed to land, become a part thereof.

2. A building may be erected by a tenant upon leased premises, and, by agreement with the landlord, held as personal property, and removed at the expiration of the term.

3. SAME—*buildings erected by the mortgagor on the mortgaged premises.* Where a mortgagor, whilst the owner of the equity of redemption, erected a house upon the mortgaged premises, without any agreement with the mortgagee, the same became a part of the realty, and passed with it to the purchaser under the foreclosure of the mortgage.

4. In such case, where the mortgagor, after foreclosure of the mortgage, removed the house from the land, and the purchaser under the mortgage brought replevin, and recovered a judgment, the judgment was affirmed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. JUSSEN & ANDERSON, for the appellants.

Messrs. RICABY, BALDWIN & HANNA, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

May and Kaufman, on the 15th day of January, 1872, owned the premises upon which the house in controversy was situated, and on that date they conveyed the premises to Matzon, Peterson and Dibbon. On the 1st day of February, 1872, the deed was recorded.

On the day the deed was executed, Matzon, Peterson and Dibbon conveyed the premises, by trust deed, to one Beckerdeke, as trustee, to secure certain notes given to May and Kaufman for a part of the purchase money, which trust deed was recorded January 19, 1872.

On the 9th day of September, 1872, on default of payment of the notes secured by the trust deed, the trustee sold and conveyed the premises to Milton Meeks. On the 13th of December, 1872, Meeks conveyed to Traver, and on the 25th day of January, 1873, Traver conveyed to appellee, Geo. B. Griffin.

After the purchase of the premises, which consisted of certain town lots, by consent of Peterson and Dibbon, Matzon erected the house in controversy upon one of them, which, on the 22d of March, 1872, he sold to one Backman, who leased the house to Matzon.

After appellee had acquired title to the premises, he brought an action of ejectment and recovered possession. Subsequently, appellants, under the direction of Backman, moved off the house, and this action of replevin was instituted to recover the property.

The decision of the cause hinges upon the question, whether the house in controversy was, at the time of its removal by appellants, real or personal property. If it was real property, then appellee was entitled to recover it. If, on the

other hand, it was personal property, appellants had the right to move it from the premises.

It will be observed that the trust deed, under which appellee derived title to the premises, was upon record prior to the time Backman purchased, and he can not claim to be ignorant of its contents or legal effect. He was bound to take notice of the rights of the mortgagees, and the obligations of the mortgagors under the deed of trust.

After the execution of the trust deed by appellants and Dibbon to May and Kaufman, the relation of mortgagor and mortgagee existed between the parties. The legal title to the premises was in the trustee, while the equity of redemption remained in the mortgagors. The latter were in the possession of the premises, and had the right to possess, use and enjoy the same until a default in the payment of the money secured by the deed of trust.

But, while the mortgagors had the right to occupy and use the premises, they had no power to commit waste, or do any act which would impair or lessen the security of the mortgagees. Should the mortgagor, while in the possession, attempt to commit waste, or sell or remove buildings from the land, which were a part of the realty, a court of equity would use its restraining power to prevent it.

If, on the other hand, a building should be severed and removed, which had become a part and parcel of the premises, after the equity of redemption of the mortgagors had been foreclosed by sale, and before resort was had to a court of equity, we are aware of no reason that would prevent it from being followed and retaken by process issued from a court of law.

If the building in question was a part of the mortgaged premises, it follows that its removal by appellants was unauthorized.

It is true, a building erected by a tenant upon leased premises, by an agreement with the landlord, may be removed as personal property at the end of the term, but no such relation

existed between the parties to this record, and hence the rule that governs such cases has no application here.

The general rule of the common law is, that buildings erected upon and fixed to lands, become a part thereof, and belong to the owner of the premises, it being a fundamental rule that the term "real estate" embraces lands, tenements and hereditaments.

All improvements of a permanent character placed upon lands, which facilitate the use, can not be regarded otherwise than as a part of the realty. When a building is, therefore, erected, *prima facie* it is a part of the land upon which it stands, and in order to rebut the presumption of the law, a state of facts must be shown to take it out of the operation of the general rule. *Dooley* v. *Crist,* 25 Ill. 551.

When Matzon commenced the erection of the building in question, he owned the premises upon which it was built, in connection with Peterson and Dibbon, subject to the estate conveyed by the deed of trust.

No contract was made with the mortgagees by which Matzon could erect the house and hold it as personal property with the right of removal ; on the contrary, so far as it appears from the record, he commenced the erection of the house as an owner of the soil, and as a permanent improvement of the property.

The record contains no evidence tending to remove the presumption which exists in all cases where an owner of land erects a building upon it.

It is true, Matzon may have changed his original intention in regard to the permanent character of the improvement, after becoming somewhat involved in the erection of the building, but, as was held in *Dooley* v. *Crist, supra,* such a change of intention could not affect the nature and character of the improvement.

But whatever may have been the secret intention of Matzon at the time the building was erected, or subsequently, it can not change the result.

The mortgagees had an estate in the premises, and when the house was erected, in the absence of a contract that Matzon might sever and remove the house, it became a part and parcel of the premises, and the sale under the trust deed vested the title to the premises in appellee.

We can not sanction the doctrine contended for, which, when carried to its legitimate results, would permit a mortgagor to sever and remove buildings erected permanently upon mortgaged premises. It would not be equitable, nor can it be sustained by authority.

The judgment will be affirmed.

*Judgment affirmed.*