Dencer v. Parsons.

## Mathias Dencer et al.
### v.
## William Parsons.

1. Promise to pay debt of another—Evidence.—The issue between the parties was whether the goods in question were delivered to one P. upon the credit and promise of appellee to pay for them. In support of appellee's denial of such promise he was permitted to introduce in evidence the building contract between him and P., and receipts showing that he had. paid P. in full. *Held*, error. The plaintiffs were strangers to such contract and receipts, and as against them were inadmissible.

2. Error not cured by instruction.—Errors in the admission of improper testimony are not cured by instructions to the jury to disregard such evidence.

Appeal from the Superior Court of Cook county; the Hon. R. S. Williamson, Judge, presiding. Opinion filed June 14, 1881.

Mr. Charles S. Thornton, for appellants.

Mr. Charles A. Gregory, for appellee.

Wilson, J. This was assumpsit by appellants against appellee to recover for sash, doors, blinds, etc., alleged to have been sold and delivered by appellants to appellee. The defense interposed was, that the goods were sold to one Peale, and not to appellee. There was a verdict and judgment for defendant.

It appears from the bill of exceptions, that the goods were delivered to Peale, who was doing the carpenter work on a house which appellee was building under a contract with him

to do the work and furnish the material therefor; but they were so delivered, as appellants claim, upon the credit and promise of appellee to pay for them. This was denied by appellee, and constituted the issue upon which the case was tried.

On the trial the defendant was permitted by the court, against the objection of the plaintiffs, to put in evidence the building contract between himself and Peale, and also certain receipts of Peale showing payment in full of the contract price, less the sum of $40. In this the court erred. The plaintiffs were neither parties nor privies to the contract or the receipts, and could not be bound by them. The contract and receipts were *res inter alios acta*, and not admissible in evidence against the plaintiffs. The admission of this evidence was liable to mislead the jury, and to induce them to find for the defendant lest the plaintiff might be compelled to pay for the goods a second time. That such was the effect produced seems quite probable from certain questions propounded by jurors to the defendant when on the stand as a witness.

It is true the court instructed the jury that whether Parsons paid Peale on the contract, or the amount he paid him, was not a fact to be considered by the jury. But this did not cure the error, as was expressly ruled in LaFayette, B. & M. R. R. Co. v. Winslow, et al. 66 Ill. 219, and again in Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402, where it was said that it is not easy to remove from the minds of jurors by instructions, impressions produced by imp·operly testimony which the court has admitted against objections.

The judgment of the court below is reversed, and the case remanded for a new trial.

                     . Reversed and remanded.