## FERDINAND W. PECK

v.

## TIMOTHY COOPER.

1.  DECLARATIONS OF AGENTS.—The declarations of an agent or servant are not competent evidence against another agent of the same principal. Appellant, as president of the Omnibus Company, was merely an agent of the same corporation of which the omnibus drivers were employes, and consequently their declarations were inadmissible.

2.  EVIDENCE—INSTRUCTIONS.—An error in admitting evidence is not cured by an instruction to the jury not to consider such evidence.

3.  PREPONDERANCE OF EVIDENCE.—The court is of opinion that the verdict is against the preponderance of the evidence.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed April 24, 1883.

Mr. W. W. GURLEY, for appellant; that where improper evidence is permitted to go to the jury against objection, the mischief can not be remedied by afterward instructing the jury to disregard it, cited L. B. & M. R. R. Co. v. Winslow, 66 Ill. 220; Hackett v. Smelsby, 77 Ill. 109–117; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402–408; Dickerson v. Evans, 84 Ill. 451–455.

When a party affirms the existence of a material fact he must prove it or the negative will be presumed: Bonnell v. Wilder, 67 Ill. 327; Watt v. Kirby, 15 Ill. 200; Peck v. Cooper, 8 Bradwell, 403.

Mr. E. B. McCLANAHAN, for appellee.

BAILEY, P. J.   This case was before this court at the March term, 1881, on appeal from a judgment in favor of Cooper, the plaintiff, and against Ferdinand W., Clarence I. and Harold S. Peck, the defendants. For reasons stated in the opinion then filed, said judgment was reversed and the cause remanded for a new trial.   Peck v. Cooper, 8 Bradwell, 403. Another trial has now been had, resulting in a verdict for $5,000, against Ferdinand W. Peck, and of not guilty as to the other defendants.   A motion for a new trial being overruled, judgment was rendered against said Ferdinand W. Peck, for said sum of $5,000 and costs, from which judgment he has again appealed to this court.

The pleadings in the case remain the same as when before us on the former appeal, and the facts developed on the last trial are, in all their essential features, identical with those shown by the former record.   It will therefore be unnecessary to re-state the case, as both the pleadings and proofs are sufficiently stated in our former opinion.

Various errors are assigned, of which we shall need to notice but two.   The first calls in question certain rulings of the court upon the admission of evidence.   Appellee was permitted to testify that the omnibus driver, at the time he ejected appellee from the omnibus, said that he had orders not to allow negroes to ride, and on being asked who gave him such order, replied that it was given by the appellant.   Alexander, one of appellee's witnesses, a colored man, was permitted to testify that, at about the time of the injury to the appellee, he attempted to ride in one of the omnibuses of the People's Omnibus and Baggage Company, but was refused the privilege of doing so by the driver, who said to him that he had orders from headquarters that no negroes should ride in the omnibuses.   Collins, another driver, was permitted to testify that, while he was in the company's employ, the drivers were ordered not to allow colored men to get into the omnibuses, although he did not know who gave such orders, nor did he recollect that he had ever received such an order himself.

Peck v. Cooper.

The appellee and his witness Alexander were thus permitted to testify to the declarations of certain servants and employes of the People's Omnibus and Baggage Company, not made in the presence or hearing of the appellant.   The persons making these declarations were not agents or servants of the appellant, nor did they stand in any such relation to him as would make their declarations competent evidence against him.   The fact that appellant was the president of the company does not bring the case within any exception to the rule which excludes hearsay.   As president, he was merely an agent of the same corporation of which the omnibus drivers were employes.   They and he were merely servants of the same principal, and we know of no rule of law which makes the declarations of one agent or servant competent evidence against another agent of the same principal.

The question upon which the main controversy arose at the trial was, whether the alleged rule or order of the company, excluding persons of color from the company's omnibuses, emanated from the appellant,·or was promulgated with his assent or concurrence.   The foregoing evidence had a tendency to charge the appellant with having issued the order, and was necessarily prejudicial to him.

The testimony of witness Collins was improperly admitted, it being a mere matter of hearsay, or of general rumor, and in relation to which the witness had no personal knowledge.

It is true the court instructed the jury that, upon the question as to whether appellant gave any order or direction not to permit negroes or colored people to ride in the company's omnibuses, the jury should not consider the statements of the driver in reference to who issued the order, or any other statements of third persons.   The error in admitting the evidence, however, was not cured by the instruction.   L. B. & M. R. R. Co. v. Winslow, 66 Ill. 219; Lycoming Fire Ins. Co. v. Rubin, 79 Id. 402.

It is also urged that the verdict is against the clear preponderance of the evidence.   The proof now before us tending to charge upon appellant responsibility for the alleged order to exclude colored people from the company's omnibuses, does not

differ materially from that considered by us on the former appeal. We can not see that the appellee has materially strengthened his case, and the case made by the appellant is no less strong and convincing than before. To give our views in detail would be merely to repeat what we said in our former opinion. We then reached the conclusion that the verdict was against the preponderance of the evidence, and we are still of that opinion.

The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.