The Chicago and Alton Railroad Company

*v.*

Hiram Goodwin *et al.*

· *Filed at Ottawa September 27, 1884.*

1. Life estate—*power of tenant for life over estate.* A person having an estate for life in land may make or allow any use of it he sees fit during his life, provided no injury is done to the inheritance. The remainder-man, during the existence of the life estate, has the right only to prevent the commission of waste.

2. Trespass—*entry under license of tenant for life.* The entry upon premises by a railway company, and the construction of a railroad over the same, which is no injury to the inheritance, under the verbal license of the tenant for life, is not a trespass or an unlawful entry. Such entry will not subject the party so entering to either an action of trespass or ejectment on the part of the remainder-man.

3. Real and personal estate—*buildings and structures—when real and when personal estate.* It does not necessarily follow that structures, or even buildings, placed by one person on the land of another, become a part of the real estate. When they are trade fixtures they are regarded as personal property. So a house erected upon the land of another, under an agreement that it shall belong to the builder, is personal property.

4. If, however, a person enters upon the land of another without permission, and places a building or other structure thereon permanently attached to the soil, he will be a trespasser, and the building or structure will become

18—111 Ill.

a part and parcel of the land, and will be the property of the land owner. In such case the builder acquires no right by his tortious act.

5. EMINENT DOMAIN—*measure of damages—compensation for structures put on land by railroad company itself.* Where a railway company, under license of the life tenant, enters upon land and constructs its road over the same, with costly embankments, and enjoys the use of the same without objection, on an application by the company, after the termination of the life estate, to condemn a strip of land on which such road and structures are built, for a right of way, the law will not require it to pay the owner of the land for the structures so placed upon the same at its own expense. The land owner will have no right to compensation for such structures, they not being his property.

6. A railway company seeking a condemnation of land for a right of way already occupied by it, is not required by law to pay the land owner for structures placed upon the land at its own expense, with a view of subsequently acquiring the right of way, even though its original entry may have been without license, or tortious.

7. So in a proceeding by a railroad company to condemn· a strip of land for right of way then and previously occupied by it, and upon which strip of land the company had before constructed its road, consisting of costly embankments and structures, the court instructed the jury that in estimating the compensation of the owner of the land they should consider the whole property, including all the structures upon it, as well as the soil to which they were affixed, and award such sum as compensation to the defendants as said property was reasonably worth for the purpose for which it was intended, although of no practical value to the defendants in connection with their farm: *Held*, that the instruction was erroneous, as requiring more than a just compensation.

APPEAL from the County·Court of Will county; the Hon. C. B. GARNSEY, Judge, presiding.

This was a proceeding instituted by the Chicago and Alton Railroad Company, October 12, 1882, in the county court of Will county, against Hiram Goodwin, William Goodwin, and Sarah Althouse, guardian of Philip Goodwin, to condemn a strip of land for a right of way. In December, 1882, the defendants filed their cross-petition, in which they allege that they are the owners in fee of a farm of one hundred and sixty-three acres, therein described, as tenants in common; that such farm consists of valuable land; that the nearest

market town is the city of Wilmington; that the only means of reaching the highway leading to Wilmington is to pass from this farm, along the tow-path of the Kankakee feeder, to a bridge across the lock at the head of the feeder; that they and their predecessors in ownership have always been permitted by the canal authorities to use the tow-path of such feeder as a roadway from their said farm to the highway; that some time in the year 1873 the Chicago and Illinois River Railroad Company, without any right, built a railroad track over that part of said farm described in the petition; that at first this track was raised upon trestle-work connecting the bridge over the feeder with the bridge over the river, and that afterwards this trestle-work was replaced with a solid embankment, with no openings admitting of communication between the two parts of the farm. In addition to the compensation for the land actually taken, they claimed damages, first, for the injury sustained by the cutting off from the body of the farm the small piece of land lying east of the railroad; and second, for the injury to said farm by destroying its customary and only means of access to the public highway.

On January 18, 1883, appellant filed its amended petition, and afterwards, on December 26, 1883, by leave of court, filed an amendment to its amended petition, alleging that prior to the commencement of this suit, and some time in the spring of 1873, the Chicago and Illinois River Railroad Company, a corporation created and existing under the laws of this State, and authorized and empowered to exercise the power of eminent domain, by and with the consent of the party then in possession of said real estate and authorized to grant such consent and license, entered upon said real estate, and constructed thereon, under such consent and license, a railroad track, and that appellant entered into the possession and occupancy of said real estate and railroad track situate thereon, under the Chicago and Illinois River Railroad Company, and under and through said last named corporation

became the owner of said railroad track, and has ever since said time maintained, and now maintains, the same, as owner thereof, and in so doing constructed the embankment now situate thereon, without objection from any person, and now is the owner thereof, and without any objection has ever since maintained said track.

It was admitted, on the trial, that in 1863 the mother of appellees acquired the title to the land in question; that she died in 1869, leaving William Goodwin, her husband, and the appellees, her heirs at law; that William Goodwin, as tenant by the curtesy, entered into the possession and use of said land, and was so in the use and possession thereof during the year 1873. It was also shown that some time in the fall of 1872 or spring of 1873, the Chicago and Illinois River Railroad Company obtained from said William Goodwin a verbal license to enter upon the land described in the petition, and construct its road across the same, provided said company left an opening under the track sufficient for a roadway. Acting under this license, that corporation entered upon the land, and built its road across the same, leaving the roadway under the track. In 1875, appellant, as lessee, entered into the possession, use and operation of the road constructed by the lessor corporation, and in 1879 appellant became, by purchase, the owner of said railroad, and in the year 1882 constructed the embankment in lieu of the trestle-work. It also appeared that appellees never made any objection, at any time, to any acts done by appellant or the company under which it claims.

The petitioner asked the court to give the following among other instructions, which the court refused:

"4. The jury are instructed that if they shall believe, from the evidence, that the Chicago and Illinois River Railroad Company, under a parol license from William Goodwin, for the purpose of constructing a railroad track, entered upon

the land in the petition described, and under such license constructed a railroad track and operated the same; and if the jury shall further believe, from the evidence, that the petitioner entered upon said land under the said Chicago and Illinois River Railroad Company, and was in such possession at the time of the filing of the petition herein, and since and now continues in such possession, and since *its* entry *into* possession, as aforesaid, has maintained said railroad track at its own cost and charge, then the defendants in this suit are not entitled to recover, as damages to be awarded in this proceeding, the value of the said railroad track, embankment and abutment."

The court also, at the request of the defendants, gave the jury the following among other instructions:

"2. If, from the evidence, the jury find that the Chicago and Alton Railroad Company, or the Chicago and Illinois River Railroad Company, or any other railroad company under which the petitioner claims, did, without license or permission from the defendants, or from any one having legal power and authority to give such license or permission, enter upon the strip of land described in the petition in this case, and construct a railroad thereon, then such act was a mere trespass, and such structures were placed upon said land without right, and being in their nature fixed, permanent and irremovable, they were affixed to and became a part of the realty, and belong to said defendants, and compose and constitute a part of the property sought to be condemned, and for this improvement, as well as the land, just compensation is to be awarded by the jury in this case.

"3. In estimating the compensation to be given for the strip of land sought to be condemned to the use of the Chicago and Alton railroad, the jury will consider the whole property as described in the preceding instruction No. 2, including all the structures upon it, as well as the soil to which they are

affixed, and will award such sum as compensation to the defendants as said property is reasonably worth for the purpose for which it was intended, although of no practical value to the defendants in connection with their farm.

"4.   It being stipulated and agreed by and between the parties in this case, that William Goodwin has no other interest in the land in question except as tenant by the curtesy, and the petitioner claiming no other license or permit from said Goodwin, the jury are instructed that said Goodwin, as such tenant by the curtesy, had no right, power or authority to grant such license, and neither the Chicago and Illinois River Railroad Company, nor the petitioner, as its grantee, acquired, by virtue of a license from him, if any such license in fact was given, any right to construct said railroad over the land of the defendants.

"5.   If, from the evidence, the jury believe that the Chicago and Illinois River Railroad Company, from which the petitioning corporation claims title to the improvements upon the land sought to be condemned, never obtained a license to place such improvements upon the land from any one authorized to grant such license, then in the building of such railroad said Chicago and Illinois River Railroad Company was a trespasser, and all structures of a permanent nature constructed by it became a part of the realty, and the property of the defendants, and in this proceeding they are entitled to receive just compensation for the whole property,—both the soil and the improvements.

"6.   If by reason of the fact that the Chicago and Illinois River Railroad Company obtained no license, valid in law, to build the piece of railroad in question, the entering upon the premises was a trespass, and the improvements became a part of the realty and the property of defendants by operation of law, then in the present proceeding the measure of compensation will be the same as if such improvements had been constructed by themselves, and at their own cost."

To the ruling of the court in refusing the said instruction asked by the petitioner, and in giving each of those given for the defendants, the petitioner at the time excepted.

Mr. Edward C. Akin, for the appellant:

The true measure of damages is the value of the land actually taken, exclusive of the improvements placed thereon by appellant, or those under whom it claims.

The appellant is not liable in this proceeding to pay for structures and improvements made on the right of way, never intended to be incorporated with the soil, except for purposes of attending the possession, and with a view of subsequently acquiring the right of way. *Greve* v. *Railroad Co.* 26 Minn. 66; *Railroad Co.* v. *Dunlap*, 47 Mich. 456; *Lyon* v. *Railroad Co.* 42 Wis. 538; *Justice* v. *Railroad Co.* 87 Pa. St. 28; *Railroad Co.* v. *Armstrong*, 46 Cal. 85; *Austin* v. *Railroad Co.* 45 Vt. 142; Mills on Eminent Domain, sec. 142.

If appellees are permitted to recover the value of their improvements, it must be upon the theory that the original entry was a trespass. This would be to allow them to recover for a trespass, which can not be done in this proceeding. (*Railroad Co.* v. *Winslow*, 66 Ill. 219.) That they can not recover for such improvements, see *Baker* v. *Railroad Co.* 57 Mo. 65; *Dietrich* v. *Murdock*, 42 id. 79; *Blesch* v. *Railroad Co.* 43 Wis. 195; *Railroad Co.* v. *Devaney*, 42 Miss. 602; *Robbins* v. *Railroad Co.* 6 Wis. 636; *Railroad Co.* v. *McComb*, 60 Maine, 290; *Railroad Co.* v. *Camp*, 45 Ga. 180; *Harvey* v. *Railroad Co.* 47 Pa. St. 428; *Railroad Co.* v. *Hottenstine*, id. 28; *Railroad Co.* v. *McClure*, 29 Ind. 536; *Railroad Co.* v. *Munnamaker*, 4 Rich. L. 107; *Railroad Co.* v. *Dayton*, 10 Abb. Pr. (N. S.) 182; *State* v. *Railway Co.* 3 Rob. (La.) 513; *McAuley* v. *Railroad Co.* 33 Vt. 311.

The true measure of damages is the market or cash value of the property. *Railroad Co.* v. *Walsh*, 106 Ill. 253.

It is the loss to the owner for which compensation must be made. *Railroad Co.* v. *Railroad Co.* 105 Ill. 120.

Trade fixtures are personal property, and may be removed. *Elwes* v. *Mauve*, 3 East, 38; *Van Ness* v. *Pacard*, 2 Pet. 37; *Holmes* v. *Tremper*, 21 Johns. 29; *White's appeal*, 10 Barr, 252.

The same doctrine applies to railroads built in the interest of the public and trade or commerce.

Mr. G. D. A. Parks, for the appellees:

The appellees were legally entitled to compensation for the real estate proposed to be condemned, which is not only the soil, but also the improvements affixed to the soil. Improvements placed upon land by a trespasser belong to the owner of the fee. *Dooley* v. *Crist*, 25 Ill. 551; *Mather* v. *Dobschuetz*, 72 id. 441; *First Parish* v. *Jones*, 8 Cush. 184.

The Chicago and Illinois River Railroad Company entered upon the premises without license from any one authorized to give it, and was a trespasser.

That the measure of damages adopted by the court below was correct, see *South Park Commissioners* v. *Dunlevy*, 91 Ill. 57; *Railway Co.* v. *Railroad Co.* 100 id. 33; *Railroad Co.* v. *Kirby*, 104 id. 345; *Stinson* v. *Railroad Co.* 2 Minn. 114.

Mr. Justice Dickey delivered the opinion of the Court:

We think that the instructions given do not properly state the law applicable to the facts of this case. William Goodwin, as tenant for life of this land, might make or allow any use of it he saw fit, during his life, provided no injury was done to the inheritance. Appellees, as remainder-men, during the existence of the life estate had the right only to prevent the commission of waste. The evidence showing that the railroad track, as originally constructed, did no injury to the premises, appellees had no lawful power to prevent the construction of the road under the license of the tenant for

life. The original entry, as to them, could not have been a trespass, for the reason they then had not even a right to possession. As has been said: "An original entry by the consent of the tenant for life, is lawful, and will not subject the party entering, to an action of ejectment on the part of the remainder-man, although damages have not been paid. Other remedies must be sought." Mills on Eminent Domain, sec. 142; *Austin* v. *Rutland R. R. Co.* 45 Vt. 142.

By instruction No. 2, the jury are told that if the entry upon the land was made without any license from the defendants, or from one having legal power and authority to give such license or permission, such entry, etc., was a trespass, and that the structures. placed upon the land became a part of the realty, and inseparable from it. By instruction No. 4, the jury were told that the life tenant had no power or authority to give such license. These instructions should not have been given in a case like the present. It does not necessarily and invariably follow that structures, or even buildings, placed by one person on the land of another become a part of the real estate. When they are trade fixtures, they are regarded as personal property. So a house erected upon the land of another, under an agreement that it shall belong to the builder, is personal property. (*Matzon* v. *Griffin*, 78 Ill. 477; *Curtiss* v. *Hoyt*, 19 Conn. 165; *Wells* v. *Bannister*, 4 Mass. 514; 2 Am. Leading Cases, 747.) If a man erects a house upon the land of another with his consent, it will, if the builder has no title to the land, be the personal property of the builder. 1 Washburn on Real Prop. p. 2, sec. 4; *Aldrich* v. *Parsons*, 6 N. H. 555; *Dame* v. *Dame*, 38 id. 439; *Osgood* v. *Howard*, 6 Greenlf. 452; *Ashmun* v. *Williams*, 8 Pick. 462; *Doty* v. *Gorham*, 5 id. 487; *Rogers* v. *Woodbury*, 15 id. 156; *Mott* v. *Palmer*, 1 Conn. 571; *Hinckley* v. *Baxter*, 13 Allen, 139. And it will so remain, though the land owner convey the land, and the owner of the building convey that, if to different persons. *Ham* v. *Kendall*, 111 Mass. 298.

If a person enters the land of another without permission, and places a building or other structure thereon, permanently attached to the soil, he will be a trespasser, and the building or structure will become part and parcel of the land, and will be the property of the land owner. In such case, the builder acquires no rights by his tortious acts. But here there was no trespass, because the entry upon the land was with the express consent of one having the right to give it, and all the subsequent acts were done without objection, and before any steps were taken to dispossess the plaintiff or the corporation which it succeeded. Even if the entry had been without license or permission of any one authorized to grant the same, so that it was a trespass at the time, the law would not require the railroad company, in seeking a condemnation of the land so entered upon for a right of way, to pay the owner of the land for structures placed upon it at its own expense, with a view of subsequently acquiring the right of way. As sustaining these views, see *Greve* v. *First Division St. Paul and Pacific R. R. Co.* 26 Minn. 66; *Morgan's Appeal,* 39 Mich. 675; *Toledo, Ann Arbor and Grand Trunk R. R. Co.* v. *Dunlap et al.* 47 id. 456; *Lyon et ux.* v. *Green Bay Ry. Co.* 42 Wis. 538; *Justice* v. *Nesquehoning Valley R. R. Co.* 87 Pa. St. 28; *California P. R. R. Co.* v. *Armstrong,* 46 Cal. 85.

In a proceeding of this kind, to condemn land for a right of way, the land owner can not recover damages for a prior trespass by entering upon his premises. *Lafayette, Bloomington and Mississippi R. R. Co.* v. *Winslow,* 66 Ill. 219.

That the land owner whose land is condemned can not recover, in addition to the value of the land taken, the value of improvements put upon the same by the party seeking a condemnation, reference has been made to the following other cases: *Baker* v. *Chicago, Rock Island and Pacific R. R. Co.* 57 Mo. 265; *Dietrich* v. *Murdock,* 42 id. 279; *Blesch* v. *Chicago R. R. Co.* 43 Wis. 195; *Mississippi R. R. Co.* v. *Devaney,* 42 Miss. 602; *Robbins* v. *Milwaukee R. R. Co.* 60 Maine, 290;

*Sema R. and D. R. R. Co.* v. *Camp,* 45 Ga. 180; *Harvey* v. *Lackawanna and B. R. R. Co.* 47 Pa. St. 428; *East Pennsylvania R. R. Co.* v. *Hottenstine,* id. 28; *White Water Valley R. R. Co.* v. *McClure,* 29 Ind. 536; *Greenville R. R. Co.* v. *Munnamaker,* 4 Rich. L. 107; *McAuley* v. *Western Vermont R. R. Co.* 33 Vt. 311; *State* v. *Gulf Ry. Co.* 3 Rob. (La.) 513. The "just compensation" required to be given, is for that which is taken from the owner, and which is of value to him, and not for something he never owned.

The third instruction given for the defendants is further erroneous in directing the jury to allow the defendants, as compensation for the structures placed upon the land, what such property was reasonably worth for the purpose for which it was intended, although of no practical value to defendants in connection with their farm. The compensation which the law requires to be made is that which is "just." This means that the sum allowed and paid the owner whose property is taken, shall be equivalent to the value of that of which he has been deprived. It would be unjust to allow him more than will compensate his loss. It would seem, at first blush, to be highly inequitable to allow him for a railroad track over his land, not built by him, including embankments, at its cost or value to a railway company owning a franchise to use the same for railroad purposes, when to him it is of no practical value.

For the reasons indicated, the judgment of the county court of Will county is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*