THOMAS B. ELLIS

*v.*

THE ROCK ISLAND AND MERCER COUNTY RAILROAD COMPANY.

*Filed at Ottawa May 9, 1888.*

EMINENT DOMAIN—*measure of compensation—as to improvements made under a supposed right.*  The holder of a mortgage, in possession of the mortgaged premises, the debt being equal to the value of the land, authorized a railway company to enter and construct its road-bed, depot building, side-tracks, etc., over the same, agreeing to make a deed for the land so taken when his title should be perfected.  It subsequently turned out that the superior title was in another, and the company sought to obtain title by condemnation against the latter:  *Held,* that the holder of the title to the land was not entitled to be paid the value of the improvements so made in good faith under supposed right, by the railway company, in addition to the value of the land taken.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JOHN C. PEPPER, and Mr. GEORGE W. SPAHR, for the appellant:

A railroad company which takes lands without permission, and without proceedings to condemn, is a trespasser. *Graham* v. *Connersville,* 36 Ired. 463; *Bloodgood* v. *Mohawk,* 18 Wend. 9; *Railroad Co.* v. *Wade,* 10 Kan. 352; 1 Redfield on Railways, (3d ed.) 240-265.

The railroad being a trespasser, the improvements erected by it belong to the owner of the soil.   *Matler* v. *Railroad Co.* 6 Thomp. 298; *Graham* v. *Columbus,* 27 Ind. 260; *Washburn*

v. *Sproat*, 16 Mass. 449 ; Hill on Fixtures, sec. 45 ; *Meniam* v. *Brown*, 128 Mass. 391 ; *Pierce* v. *Goddard*, 22 Pick. 559 ; *Hunt* v. *Bay State*, 97 Mass. 279 ; *Hazen* v. *Boston*, 2 Gray, 574 ; *Perkins* v. *Railroad Co.* 72 Maine, 95 ; *Railroad Co.* v. *Jones*, 68 Ala. 48 ; *Lehigh Coal Co.* v. *Railroad Co.* 35 N. J. Eq. 379 ; *Platt* v. *Bright*, 31 id. 31.

Improvements made on real estate, of a fixed and permanent character, and attached to the realty, by one who has no title or interest in the premises, and without the consent of the owner of the fee, become a part of the realty, and vest in the owner of the fee. *Cable* v. *Ellis*, 120 Ill. 136 ; *Mathes* v. *Dobschuetz*, 72 id. 438 ; *Dooley* v. *Crist*, 25 id. 556 ; *Martin* v. *Beatty*, 54 id. 100 ; *Dart* v. *Hercules*, 57 id. 446 ; *Wood* v. *Whelen*, 93 id. 153.

Mr. HENRY CURTIS, for the appellee :

The law does not require a railway company seeking a condemnation of land theretofore entered upon by it for a right of way, to pay the owner of the land for structures placed upon it at its own expense, with a view of subsequently acquiring the right to the premises. This is so if the original entry were a bare trespass. *Railroad Co.* v. *Goodwin*, 111 Ill. 273 ; *Justice* v. *Railroad Co.* 87 Pa. St. 28 ; *Morgan's Appeal*, 39 Mich. 675 ; *Lyon* v. *Green Bay*, 42 Wis. 548 ; *Railroad Co.* v. *Dunlap*, 47 Mich. 456 ; *Greve* v. *Railroad Co.* 26 Minn. 66 ; *Railroad Co.* v. *Armstrong*, 46 Cal. 85 ; *Secombe* v. *Railroad Co.* 23 Wall. 118 ; *Jones* v. *Railroad Co.* 70 Ala. 232 ; *Railroad Co.* v. *Duancy*, 42 Miss. 602 ; *Daniels* v. *Railroad Co.* 41 Iowa, 52 ; *Railroad Co.* v. *Boorem*, 28 N. J. Eq. 450.

Mr. JUSTICE MULKEY delivered the opinion of the Court :

In the spring of 1887, the Rock Island and Mercer County Railroad Company commenced proceedings, under the Eminent Domain act, in the Mercer county circuit court, to condemn for right of way, depot grounds, etc., a part of a certain tract

of land belonging to the appellant, Thomas B. Ellis.    After settling the pleadings, which are unusually prolix, the cause was heard before the court and jury, resulting in a finding and judgment in favor of Ellis, and against the company, for $1050.    Ellis brings the record here, and asks a reversal on a number of grounds.

The greater portion of the matter which has found its way into the record throws but little light upon the real issue in the case, and it might, therefore, with profit to all parties, have been dispensed with altogether.  As in most cases of this kind, the main question is, How much shall the petitioner pay to the land owner as compensation for the land actually taken, and what, if anything, on account of damages to the portion not taken?    The company does not deny its liability, but simply questions its extent.

We do not propose to enter upon a discussion of the evidence, or of the rulings of the court upon the vast amount of collateral and foreign matter that has been dragged into the record, but will content ourselves with stating, in general terms, the conclusion we have reached after a very careful consideration of the evidence.

Whatever difficulty is encountered in the case grows out of the fact that the railroad improvements and structures on the land sought to be condemned were made by the company years ago, at its own costs and charges.    In 1876, P. L. Cable was in possession of the land under a mortgage lien, and other claims upon it, apparently valid, amounting, as was then supposed, to the full value of the property.  While things were in this condition, the company, during the year just stated, made an arrangement with Cable, by which it took possession of the land for the purposes indicated in the petition, and was to receive a conveyance therefor when he had perfected his title. Under this arrangement, the company, in good faith, so far as we can see, located and built, at great expense, its road-bed, side-tracks, switches, depot building, stock yards, etc., which,

for the purposes it is sought to be condemned, greatly enhanced its value. It has since turned out, however, that the appellant, Thomas B. Ellis, had the superior title to the land, and he now insists that he is entitled, not only to what the land itself is worth, but to its value as enhanced by the improvements put upon it by the company. Whether this claim is well founded or not, presents the only question of any importance in the case. Upon the authority of the case of *Chicago and Alton Railroad Co.* v. *Goodwin et al.* 111 Ill. 273, the lower court ruled against the appellant on this question, and it is not perceived ·how it could have done otherwise, without disregarding the rule therein laid down. This court is fully satisfied with the decision in that case, both on principle and authority.

It is also objected, that the damages allowed by the jury, outside of the question just discussed, are inadequate, and altogether too small. We are unable to say that the damages are so grossly inadequate as to justify this court in interposing on that ground. In short, we find no sufficient cause to reverse the judgment of the court below.

The judgment will be affirmed.

*Judgment affirmed.*