## TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY

### v.

### MARY HARNSBERGER ET AL.

*Railroads—Fire—Destruction of Crops—Pleading—Evidence — Variance.*

The fact that a widow has a life interest in real estate left by her husband, who died intestate, will not justify an assumption that her children over twenty-one years of age, farming the same with her, can not be joint owners with her of the crops raised thereon.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. H. A. NEAL and E. B. GLASS, for appellant.

Messrs. TRAVOUS & WARNOCK, for appellees.

SAMPLE, J.  This suit was brought by appellees to recover damages for the destruction of meadow and several stacks of hay, by fire, communicated, as alleged, from appellant's locomotive engines.  The suit was brought by the widow of the former owner of the premises, and her four children.  The declaration alleges that they were partners and as such were the owners of the meadow and the stacks of hay that were burned.  The defendant pleaded the general issue of not guilty. The verdict and judgment being in favor of the plaintiffs, the defendant brings the case to this court and relies on the error of permitting the plaintiffs to recover, because of an alleged variance between the proof and the averments of the declaration as to the ownership of the property destroyed.

The declaration charges the ownership of the property to be in the appellees jointly, while as claimed, the meadow in controversy was owned by the husband of the widow, who died intestate, leaving the widow and the other appellees in possession as a homestead.

The evidence shows that the husband died in the year 1874, and that the children, who are all several years past the age of maturity, have been living on or farming the premises together with their mother ever since.

The objection of the appellant is based on the theory that the title to the land is involved; that is, that as the land was left as a homestead, with the right of occupancy in the widow and the children until the youngest should become twenty-one years of age, and with the right of occupancy in the widow thereafter during life, with the fee in the children, there could not be joint ownership in the meadow or stacks of hay.  While this is true as to the title to the land, it does not necessarily follow as to the meadow or other crops raised thereon.  A meadow is not necessarily any more a part of the realty than any other crop that might be raised upon it. A house or any other property might have been placed upon the premises, after the death of the ancestor, by these appellees, with the agreement that it should be personal property, and the law would uphold that agreement and treat it as personal property.  Matson v. Griffin, 78 Ill. 477; sec,

also, C. & A. R. R. Co. v. Goodwin et al., 111 Ill. 273–281, and the authorities there cited.

There is no evidence in the record to show when this meadow was sown, but it will not be presumed that the same field has continued to be meadow since 1874, the date of the ancestor's death.

There is no reason, therefore, why these appellees might not have agreed to own all the crops that were sown or raised on the premises jointly. They testified that they owned the meadow jointly. One of the appellees was asked the question: Q. You don't claim that hay only because of the ownership of the land? A. "I would consider that sufficient, but we worked the land as partners, as I said."

It is not denied but that the appellees did so work the land. This being true, the appellees might well own the crops or meadow on the land jointly, while not owning the title to the land jointly. There is nothing inconsistent in this, or unusual. The instruction asked by the defendant on this point and refused by the court, was properly refused. It was framed on the theory that because the widow, one of the appellees, had a life estate in the property, that .therefore it necessarily followed that the other appellees could not be joint owners with her in the meadow and hay. This view, as has been observed, is erroneous. That being the only point raised or discussed in the arguments, it is not deemed necessary to look further into the record. The judgment is affirmed.

*Judgment affirmed.*