## Stewart v. Wood.

1. *Waste—Deeds and Reservations.*—A father conveyed land to his daughter with the following reservation in the deed : "Unto said grantors the full and entire *profits, use and control* of all the above described premises *during the natural lives* of said grantors." Ten acres of the tract was timber land, upon which a son cut and felled trees under a license, or by authority from his father, the grantor. In action against him for waste, the Circuit Court ruled that the grantor in the deed reserved, by the clause in question, only a life estate, and that the right to cut timber under it, was restricted to three purposes: (1) such as was necessary for improvements on the premises in ordinary repairs; (2) a sufficient amount for ordinary firewood for the grantor, his wife, and the tenants thereon ; (3) such timber as was going to decay. On appeal, *it was held* to correctly state the rule.

2. *Waste—The American Rule.*—The American doctrine as to such rights somewhat enlarges the common law rule and applies in particular cases only; as, if the estate be wholly wild and uncultivated, a part of it may be cleared for cultivation, leaving sufficient timber for the permanent use of the farm.

3. *Waste—Defense—Justification.*—The fact that the estate in remainder is benefited, or not injured, by the acts of the tenant for life, is always stated as a justification for a departure from the rule at common law.

4. *Waste—The American Rule.*—The rule is that whatever does lasting damage to the freehold or tends to the permanent loss of the owner of the fee, or destroys or lessens the value of the inheritance, is deemed waste.

5. *Conveyances—Reservation of Profits.*—A reservation in a deed of the "full and entire profits " of land for life does not in any correct sense, either popular or technical, reserve any part of the estate or body of the land itself, but only the "profits " arising out of such use as may be made of the property without impairing the freehold estate.

**Memorandum.**—Action of case for waste, with a count in trover. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS

Stewart v. Wood.

Epler, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## Appellant's Statement of the Case.

In 1886, Ira E. Stewart, the father of the two contending parties, made a distribution, by deed, of his landed estate, to his two children, in each of which he made, in the *habendum* clause, a reservation or (more technically speaking) an exception, which is in the words and figures following, viz: "Reserving, however, unto said grantors (Ira E. Stewart and wife, Elizabeth), the full and entire profits, use and control of all the above described premises, during the natural lives of said grantors." Some twenty acres of this estate being grown in timber, a fence row was cut, on the north line of appellee's and south line of appellant's tract. Afterward, and since appellee got her deed from her father and mother, she claims that appellant cut and felled timber on the tract, on her side of the fence row, and hauled it off in the shape of rails, poles, fire-wood, etc. She sued in case and trover. The defense was that Stewart had his father's license, leave and direction to cut these trees; and that being so, his acts were such in the cutting of the timber as a prudent farmer would do with his own land, having regard to the reversionary interest.

## Appellant's Brief.

"Whatever may pass by words of grant, may be excepted by like words, and the same consequences attach to such an exception as would have attached to such, had it been a grant. Such as, that it carries with it, constructively to the grantor making the exception, all the necessary means of enjoying it or availing himself of it," etc. 2 Washburn on Real Property, 644.

Oscar A. De Leuw and F. D. McAvoy, attorneys for appellant.

## Appellee's Brief.

Washburn on Real Property says, in Vol. I, p. 147, § 3:

" Waste, in short, may be defined to be whatever does a lasting damage to the freehold or inheritance and tends to the permanent loss of the owner in fee, or to destroy or lessen the value of the inheritance." The owner in fee has sustained actual damages; the action of waste is maintainable.    Page v. Davidson, 22 Ill. 112; Wait's Actions and Defenses, Vol. II, p. 121. Cutting timber is waste. Ibid., Vol. III, p. 62. An action of waste is maintainable against a stranger. Ibid., Vol. II, p. 112, and Vol. VI, p. 252.

MORRISON & WHITLOCK, and M. T. LAYMAN, attorneys for appellee.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

This is an appeal from a judgment rendered in favor of the appellee in the sum of $34 in an action on the case in the nature of an action of waste with a count in trover added.    Ira E. Stewart and wife conveyed ninety acres of land to the appellee, the deed containing this reservation: " Reserving, however, unto the grantors the full and entire profits, use and control of all the above described premises during the natural life of the grantors." Ten acres of the tract conveyed was timbered land, upon which the appellant cut and felled trees under license or by authority, as he claimed, from Ira E. Stewart, the grantor aforesaid. The judgment was for the damage thus done to the reversionary estate of the appellee.

The Circuit Court ruled that the grantor in the deed reserved by the clause in question only a life estate, and that the right to take and cut timber under it was restricted to three purposes : (1) Such as was necessary for improvements on the premises in ordinary repairs; (2) a sufficient amount for ordinary firewood for Ira Stewart, his wife and the tenants thereon; (3) such timber as was going to waste or decay.

The privileges in regard to cutting and felling trees thus accorded the grantor are practically such as the law awards

to the owner of a life estate. It is insisted, however, that while such was the rule at the common law, that it no longer prevails in America. The American doctrine as to such rights, somewhat enlarging the common law rule, applies in particular cases only; as, if the estate be wholly wild and uncultivated, a part of it may be cleared for cultivation, leaving sufficient timber for the permanent use of the farm, and other like exceptional cases, having no similarity to the case at bar. Even in such exceptional cases, the fact that the estate in remainder was benefited, not injured, by the acts of the tenant for life, is always stated as a justification for the departure from the rule at common law.

That rule is, that whatever does lasting damage to the freehold, or tends to the permanent loss of the owner of the fee, or destroys or lessens the value of the inheritance, is deemed waste, and this rule has been kept steadily in view, and recognized as correct in, we think, all cases relied upon as authority in support of the more liberal American rule. In support of these views, see Wharton, Real Prop., page 147, Sec. 3; C. & A. R. R. Co. v. Goodwin, 111 Ill. 273; Kent's Com., Vol. 4, pages 85 and 86.

It is, however, urged that the particular words employed in the clause of reservation, if given their common and popular meaning, would entitle the grantor to greater privileges than the law gives to the holder of a life estate. We do not think so. A reservation of " the full and entire profits " of land for life does not, in any correct sense, either popular or technical, reserve any part of the estate or body of the land itself, but only the " profits " arising out of such use as may be made of the property without impairing the freehold estate. No one would suppose that one having the right to enjoy the use and profits of real property, might or could sell the property itself, or a portion of it, as timber growing upon it, and have the proceeds regarded as " profits."

If the rights of the grantors depended alone upon the words of the reserving clause construed according to the common acceptation and meaning of the words used, aided

in no respect by the rules of law fixing the rights of a tenant for life, we do not think privileges would be given the owner of the life interest other than were accorded by the court below in this case.

We think the rulings of the Circuit Court were correct, and we find abundant competent evidence to support the finding of the jury.

The judgment must be affirmed.