O'Connell v. Heed, 219 Ill. App. 598.

---

## Katherine Kelly O'Connell et al., Defendants in Error, v. Thomas D. Heed, Receiver of Chicago & Eastern Illinois Railroad Company, Plaintiff in Error.

1. ADVERSE POSSESSION, § 25*—*when railroad is not trespasser.* Under the rule that the use and occupation of a strip of land by a railroad company by constructing and maintaining a switch track thereover with the acquiescence of the owner of the land for 15 years, implied an oral license from the owner to such use and occupancy, the company in question did not become a trespasser upon the land in question by laying tracks and switches which were connected with the main line and used in connection with a coal mine in which a brother of plaintiffs' deceased father was interested, where neither the decedent for about 7 years before his death, nor plaintiffs for 8 years after his death, ever objected in any form; and therefore the improvements in the nature of ties and rails placed upon the land did not become a part thereof, and neither decedent nor those who took under him obtained any title thereto, and plaintiffs were not entitled to recover from defendant the value of such improvements after their removal.

2. ESTOPPEL, § 50*—*when estoppel arises.* Estoppel may arise from silence as well as words where there is a duty to speak and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Connell v. Heed, 219 Ill. App. 598.

the party on whom the duty rests has an opportunity to speak and, knowing the circumstances, keeps silent.

Error to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1920. Reversed with finding of facts. Opinion filed October 27, 1920.

H. M. STEELY and H. M. STEELY, JR., for plaintiff in error.

ACTON & ACTON and CRAYTON & BOYLE, for defendants in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This suit was brought by the defendants in error as the daughters and heirs at law of William Kelly, deceased. The action is in trespass and charges that on November 18, 1917, plaintiff in error with force and arms broke and entered the close of the defendants in error and took, carried away and converted to its own use railroad rails and railroad ties of the value of $5,000. The trial resulted in a verdict and judgment in favor of defendants in error for the sum of $1,800.

William Kelly and Michael Kelly were brothers and each owned or operated a coal mine in the vicinity of the City of Danville and the Village of Grape Creek. Michael Kelly had organized a coal company known as the Kellyville Coal Company, and in the year 1902, he, or the Kellyville Coal Company, desired to sink a coal shaft on some land owned by him, or the Kellyville Coal Company, and for the accommodation of this shaft he, on behalf of the Kellyville Coal Company, proposed to the Chicago & Eastern Illinois Railroad Company that he, or the said coal company, would procure the right of way and build the grade and a bridge across Grape Creek, if the railroad company would construct thereon the necessary railroad tracks to accommodate the traffic to and from said mine. The

railroad company accepted this proposal and thereupon Michael Kelly, or the Kellyville Coal Company, constructed the grade and the bridge, after which the railroad company laid the necessary tracks, switches and switch stands thereon and connected the switch tracks with its main line and these tracks were used in connection with the business of the mine for many years. In 1911, however, the Kellyville Coal Company ceased to mine coal but the pumps at the shaft were kept going and the railroad company hauled coal over the tracks to the shaft until October, 1912. This coal was used by the Kellyville Coal Company for the purpose of keeping up steam in the boilers which ran the pumps. From that time until November 17, 1917, the tracks were used by the railroad company for storing bad order cars. In November, 1917, the world war being in progress and all operations at this mine having ceased, and owing to the scarcity and great demand for rails and ties, defendant in error removed the rails and a portion of the ties, whereupon this suit was brought by the heirs of William Kelly who died in March, 1909.

It appears from the evidence that the switch tracks in question in extending from the main track of the railroad company to the shaft, for a short distance passed over some land owned by William Kelly in his lifetime, and this suit is based upon the theory of defendants in error that William Kelly, their father, in his lifetime never consented or granted to Michael Kelly or to the railroad company the right to construct the tracks across his land and that when the railroad company and Michael Kelly, or the Kellyville Coal Company, built the grade and tracks thereover, they thereupon became trespassers; that the rails and ties therefore became a part of the real estate then owned by William Kelly and upon his death became the property of the defendants in error, and, consequently, the railroad company had no right to

remove the same and defendants in error are entitled to the value thereof.

The evidence conclusively shows, and there is no contention to the contrary, that neither William Kelly in his lifetime nor the defendants in error since his death ever objected in any form to the construction and maintenance of said track over the land of William Kelly. The railroad company had no knowledge that William Kelly owned, or claimed to own, any of the land over which the track was constructed except a constructive knowledge implied from the record title thereof. There is evidence that William Kelly was present several times during the construction of the grading and the tracks and that at one time he complained to his brother, Michael Kelly, that the bridge across the creek was not properly constructed and suggested an alteration thereof. William Kelly lived for 7 years after the tracks were laid and never by word or act objected thereto. For over 8 years the defendants in error had had title to the land in question and had permitted the use of these tracks without protest. Thus for over 15 years these tracks had been used and operated with the acquiescence of William Kelly and defendants in error, his heirs.

If William Kelly knew that his brother had constructed the grade over a part of his land and had built the bridge for the purpose of having the switch tracks connect the Kellyville Coal Company shaft with the main line of the railroad company, and knew that the railroad company would lay its tracks over said grade, then it was his duty to protest and assert his rights at the time. It is claimed by defendants in error that their father knew nothing about the construction of this track until after it was completed, and introduced certain testimony given by him in another case involving another matter, wherein he so testified. If this fact, which is beyond the realm of probability, be conceded, yet he acquired this knowledge in any event

after the construction of the tracks, and it was his duty to assert his rights within a reasonable time after obtaining such knowledge. In *Milligan v. Miller*, 253 Ill. 511, it was said: ''Estoppel may arise from silence as well as words where there is a duty to speak and the party on whom the duty rests has an opportunity to speak, and, knowing the circumstances, keeps silent. \* \* \* It is the duty of a person having a right, and seeing another about to commit an act infringing upon it, to assert his right. He cannot by his silence induce or encourage the commission of the act and then be heard to complain.''

The use and occupation of a strip of land by a railroad company by constructing and maintaining a switch track thereover for railroad purposes with the acquiescence of the owner of the land for a period of 15 years will imply an oral license from the owner of the land to such use and occupancy. This being the rule of law, the railroad company did not become a trespasser and the improvements in the nature of ties and rails placed upon the land did not become a part thereof and neither William Kelly nor those who took under him obtained any title thereto. *Howe v. South Park Com'rs*, 119 Ill. 101; *Noble v. Illinois Cent. R. Co.*, 111 Ill. 437; *Ellis v. Rock Island & M. C. R. Co.*, 125 Ill. 82. A railroad company has the right to enter and remove rails laid by it upon the lands of another under a parol license. *Chicago & A. R. Co. v. Goodwin*, 111 Ill. 273; *Ellis v. Rock Island & M. C. R. Co.*, 125 Ill. 82.

Other questions have been raised on this appeal which, from the view we have taken, need not be discussed. The judgment of the circuit court is reversed and the clerk of this court is instructed to embrace in the judgment herein the finding of the following ultimate facts: The court finds as ultimate facts that William Kelly in his lifetime had knowledge of the construction and maintenance of the switch tracks in

question and acquiesced in the construction and maintenance thereof for a period of 7 years and until his death; that his heirs at law, the defendants in error, had knowledge of the maintenance of said tracks at the time of William Kelly's death and acquiesced in the same for over 8 years thereafter.

*Reversed with finding of facts.*