55 449|
132 594|
33a 347|
55 449
161 643
55 448,
101a 468
55 449
e206 2245
e206 2246

PETER KERN *et al.*

*v.*

AUGUST ZINK *et al.*

1. A RELEASE OF ERRORS, although presented in writing, signed by the parties in whose name a writ of error was sued out, can not be properly brought to the notice of the court except by being pleaded.

2. CROSS BILL—*whether necessary—awarding writ of possession in suit for partition.* Upon bill in chancery for partition, brought by a part of several heirs against their co-heirs, to which a party in possession claiming as lessee of a portion of the premises, was also made a defendant, it is proper, upon the lease being decreed to be void, and the portion of the premises so claimed under the lease assigned to some of the heirs who were defendants in the bill, to award to the latter writs of possession against their co-defendant claiming under the void lease, without a cross bill being filed for that purpose.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Messrs. BARKER & TULEY and Mr. A. C. STORY, for the plaintiffs in error.

Messrs. GARRISON & BLANCHARD, for the defendants in error.

29—55TH ILL.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill for partition, brought by a part of the children of Peter Kern, deceased, against their co-heirs. A writ of error has been prosecuted in the name of Peter and Emma Kern, two of the heirs who were made defendants, and of Robert J. Allison, who was made a defendant as lessee of part of the premises.

A paper, purporting to be a release of errors, and to be executed by·said Peter and Emma, has been filed with the papers in the case, but as the release has not been pleaded we can not notice it. We find, however, no substantial error in the record. The parties were properly before the court. The decree finds the facts as stated in the bill, and no objection is taken to the report of the commissioners making partition.

We presume the writ of error is really prosecuted in behalf of Allison. The only ground of reversal urged by his counsel is, that a writ of possession was awarded against him in favor of Caroline Russer, one of the defendants, and it is said this is giving her affirmative relief without a cross bill. It is not claimed the lease to Allison was valid. The complainants, in their bill, ask it to be set aside as a cloud on the common title of the heirs. The decree sets it aside, finds he has no interest in the lands, and directs that the heirs have a writ of possession. The land was then partitioned, and two of the parties, to whom the land held by Allison was allotted, took out writs of possession. There was no error in this. The validity of the lease was brought before the court by the bill, in behalf of all the heirs, and when the court decided it to be void, it was proper to carry that decree into full effect by giving the possession to whichever of the heirs the land might be assigned.

The decree of the court below must be affirmed.

*Decree affirmed.*