## Brown v. Homan.

1. One tenant in common before partition cannot purchase in an outstanding title or incumbrance, on the joint estate, for his exclusive benefit, and use it against his co-tenant. The purchase enures to the common benefit, and the purchaser is entitled to contribution.

This was a bill in chancery, filed in the District Court for Douglas county, to recover the title to an undivided half of a lot in the city of Omaha. It appeared that a controversy sprang up, at an early day in the history of the city, between Brown and General Samuel R. Curtis, in respect of a large number of lots therein ; the lot in controversy in this said suit being one of them. Brown being in possession of this lot, made to Allen a deed, of which the following is a copy :

"In consideration of the sum of two hundred dollars to me paid, the receipt whereof is hereby acknowledged, I, William D. Brown, do hereby quit claim to J. B. Allen the following described property, situated in the county of Douglas, and Territory of Nebraska, being the undivided half part of lot number five (5), in block number one hundred and thirty-seven (137), in Omaha city, as surveyed by A. D. Jones, and lithographed by the Council Bluffs and Nebraska Ferry Company.

"Witness my hand, the second day of April, 1856.
     (Signed)                    "WM. D. BROWN."

At the same time they made an agreement between them as follows :

"Articles of agreement made and entered into this third day of April, in the year of our Lord one thousand eight hundred fifty-six, between William D. Brown and J. B. Allen, both of Omaha city, Douglas county, Nebraska Territory, witnesseth as follows : Whereas, the said William D. Brown did, on the second day of April A. D. 1856, sell

BROWN v. HOMAN.

and convey, by quit-claim deed, the undivided one-half part of lot number five, in block one hundred and thirty-seven, in Omaha, Douglas county, Nebraska Territory, to the said J. B. Allen. Now, therefore, in consideration of such sale and conveyance of the undivided one-half of the lot aforesaid, the said J. B. Allen has and by these presents does hereby agree to erect upon said lot a good and substantial blacksmith shop, of the value of one thousand dollars, or less; and that the said Allen will occupy said lot and the said shop thereon to be erected, free of rent, until such time as the said Brown shall see fit to pay for one-half of the actual cost of said shop; upon the payment of which the said Allen hereby agrees to pay to the said Brown a reasonable rent for the undivided one-half of the said shop; and in case either of the said parties desires to sell his interest in the said lot and shop thereon to be erected, he shall give the other party the preference over all other persons, to become the purchaser thereof. And in case the said Allen is ousted of the possession of said lot by Samuel R. Curtis, then the said Brown is to refund to the said Allen the sum of two hundred dollars, with ten per cent interest from the time of the said sale of the lot aforesaid, until such time as such ouster shall be had. And it is further agreed by and between the said Brown and the said Allen, that in case a suit is commenced by said Curtis to obtain possession of said lot, they will bear equally between them the costs and expenses of such suit; and in case the said Allen shall be so ousted, said Brown is to be liable to said Allen for one-half of the costs of the shop thereon to be erected."

In March, 1857, Jesse Lowe, as mayor of the city, entered the town-site at the United States Land office, under the act of Congress of May 24, 1844.

Allen and Curtis came to an agreement between them in respect of this lot, to the effect that Allen should have a

[S. C. N.]          29

BROWN *v.* HOMAN.

deed from the mayor for the lot without opposition from Curtis, and should pay Curtis $300. This was accordingly done. Afterwards Allen sold to Homan.

A decree was rendered for the plaintiff, and Homan appealed to this court.

*G. B. Lake,* for appellant.

*J. M. Woolworth,* contra.

The court, by LOCKWOOD, J., held that the relation of tenants in common existed between Brown and Allen, under the agreement and the deed of the former to the latter; that it was not material what the nature of the controversy between Brown and Curtis was, as Allen was estopped to deny Brown's right, and that he took the mayor's deed, to the extent of one-half of the lot, in trust for Brown. This was upon the principle that one tenant in common before partition cannot purchase in an outstanding title, or incumbrance, on the joint estate, for his exclusive benefit and use it against his co-tenant. The purchase enures to the common benefit, and the purchaser is entitled to contribution. Homan has not shown himself to be a *bona fide* purchaser, and therefore is in no better situation than Allen.

Decree affirmed.