MARION A. CARSON ET AL., APPELLEES, V. JEFFERSON H.
BROADY ET AL., APPELLANTS.

FILED NOVEMBER 17, 1898. No. 8436.

1. **Title of Landlord: DENIAL BY TENANT: ESTOPPEL.** It is a general
   rule of law that a landlord's ownership of demised premises
   cannot be denied by his tenant while the latter is in possession
   under the lease; and this principle is applicable to every case
   in which an entry upon land has been effected by the permission
   of the owner and in recognition of his title.

2. **Landlord and Tenant: ADVERSE POSSESSION.** A tenant remaining
   in possession of the demised property after the expiration of
   his term, without any open or express repudiation of the relation
   created by the lease, is not, in contemplation of law, holding ad-
   versely to the owner, whatever may be his secret intention.

3. **Partition: CONFLICTING TITLES.** In an action for the partition of
   real property among several co-owners, the district court cannot
   properly adjudicate upon conflicting legal titles.

4. ———: ———: **DECREE: ESTOPPEL.** But if, in such case, the issue
   is tried without objection, and the disputed title conclusively
   established in favor of one of the parties, the other will not be
   heard to question the correctness and binding force of the judg-
   ment.

5. **Tenants in Common: PURCHASE OF OUTSTANDING TITLE: CONTRIBU-**
   **TION.** The purchase by a tenant in common of an outstanding
   title to, or incumbrance on, the joint estate inures to the com-
   mon benefit; and the purchaser is, in such case, entitled to con-
   tribution from his co-tenant.

6. ———: ———: ———. But this rule is not applicable to the pur-
   chase of a title or incumbrance by one of the parties before be-
   coming a tenant in common with the other. In such case, the
   acquisition being neither actually nor constructively for the

benefit of any future co-owner, the right of contribution does not arise.

7. **Tax Liens:** FORECLOSURE: LIMITATION OF ACTIONS. An action to enforce a tax lien becomes barred at the expiration of five years from the time the cause of action accrued; and, where a void tax deed has been issued to the lien claimant, the issuance of the deed and the failure of the title which it assumes to convey are concurrent events.

8. ———: ———: ———. When the right to enforce a tax lien by action is barred, the lien itself is extinguished and ceases to be a charge upon the land.

9. **Tenants in Common:** IMPROVEMENTS: PARTITION. Where one tenant in common has had exclusive possession of the joint estate, and has made lasting and valuable improvements thereon, without consulting his co-tenant, there should, in partition, be allotted to him the portion of the property on which such improvements are situated, if that can be done without prejudice to the rights of his co-owner.

10. ———: ———: ———. If, in such case, the property is not susceptible of physical division, it should be sold and the proceeds divided after deducting therefrom, for the benefit of the party in possession, such sum as the court shall determine the salable value has been enhanced by the improvements.

11. ———: LEASE: POSSESSION. A tenant in common who leases the interest of his co-tenant and remains in possession after the expiration of the term, discharging the obligations imposed upon him by the contract, will be presumed to be holding under the lease and subject to its provisions, in the absence of evidence indicating a surrender of the demised interest or termination of the tenancy by mutual consent.

APPEAL from the district court of Richardson county. Heard below before BUSH, J. *Reversed in part.*

*J. H. Broady*, for appellants.

*Reavis & Reavis, contra.*

SULLIVAN, J.

This action for the partition of 160 acres of land lying in Richardson county was commenced by Marion A. Carson, Edith Carson, William Carson, and L. Ward Carson against Jefferson H. Broady and John Tighe. The

defendants answered, denying plaintiffs' title, alleging title in themselves by adverse possession, and setting up a claim for moneys expended by them in purchasing outstanding tax titles, paying taxes, and improving the premises. From a decree confirming the shares of the parties, directing partition, and adjusting incidental equities the defendants have appealed.

The facts out of which the litigation has arisen, and which are essential to an understanding of the questions here presented for decision, may be summarized as follows: The real estate in controversy was originally owned by David E. Carson, who died intestate in the year 1862. His heirs were his six brothers and sisters. In October, 1877, William Carson, one of these brothers, also died intestate, leaving surviving him his widow, Louise W. Carson, and four minor children. These children are the plaintiffs in this action. In 1875 a tax deed for the entire tract, based on a sale for the delinquent taxes of 1872, was issued by the treasurer of Richardson county to Edwin S. Towle. In 1877 Elizabeth Shrauger purchased Towle's interest in the premises and proceeded at once to occupy and improve the same. In June, 1880, Shrauger sold and delivered possession of the west eighty to Henry Nedrow. In 1877 a treasurer's deed, based on a sale of the land for the delinquent taxes of 1874, was issued to Charles Brunn, who, in June, 1881, sold and transferred his interest to the defendants. In September of the last named year the defendants obtained from the surviving brothers and sisters of William Carson a deed for their undivided interest in the land; and desiring to secure the one-sixth interest of the plaintiffs, who were then minors, proceedings were instituted at the instance of defendants to bring about, for their benefit, a guardian's sale of the land. These proceedings were afterwards abandoned, but, while they were pending, the defendants, in order to obtain a title on which they could maintain ejectment against Shrauger and Nedrow, secured from the plaintiffs, on October 14, 1881, a lease for their one-

sixth interest. This lease was immediately recorded and action for possession commenced. A compromise of these cases was afterwards effected whereby the possession of Shrauger and Nedrow was surrendered, and their interests conveyed, to Broady and Tighe, who have ever since occupied the premises.

These appellants now insist that they were in the exclusive, adverse occupancy of the land for more than ten years before the action for partition was commenced, and that the right of the plaintiffs to assert their title is barred by the statute of limitations. This contention cannot be sustained. The defendants recognized the validity of plaintiffs' title, and by relying on it and claiming under it they effected a compromise of the ejectment suits and were thus let into possession of the land. It is an ancient and well settled rule of law that a tenant cannot, while occupying the premises, deny his landlord's title. This is so even where he was in possession before the lease was made. (*Richardson v. Harvey*, 37 Ga. 224; *Thayer v. Society of United Brethren*, 20 Pa. St. 60; *Lucas v. Brooks*, 18 Wall. [U. S.] 436; *Sage v. Halversen*, 75 N. W. Rep. [Minn.] 229.) And the principle is applicable to every case in which the possession of land has been obtained by the permission of the owner and in recognition of his title. (*Dubois v. Marshall*, 3 Dana [Ky.] 336; *Downer v. Ford*, 16 Cal. 345; *Love v. Edmonston*, 1 Ired. [N. Car.] 152.) The relation of landlord and tenant was created by the lease. The defendants, until the answer was filed in this case, did not repudiate that relation or indicate by any clear and unequivocal act their intention to hold adversely. Under these circumstances their holding was not adverse, in contemplation of law, whatever may have been their secret purpose. Besides, at the time they obtained possession, they were, with the plaintiffs, tenants in common of the land. They were negotiating for the purchase of the plaintiffs' title; they recognized its validity then, and even as late as 1889 made application to buy it. They did no act at any time evincing an

intention, on their part, to oust their co-tenants; and they could not by a mere silent, peaceable possession, however long continued, extinguish the plaintiffs' title. (*Warfield v. Lindell*, 30 Mo. 272; *Purcell v. Wilson*, 4 Gratt. [Va.] 16; *Day v. Davis*, 64 Miss. 253; *Peeler v. Guilkey*, 27 Tex. 355; *Holley v. Hawley*, 39 Vt. 525.)

In the brief filed for the appellants it is argued that the title of the plaintiffs' being denied, the court was without authority to determine the questions in issue in an action to partition the land. Upon this point it is sufficient to say that the issues were tried without objection, and the averments of the petition established by undisputed proof. The defendants submitted their cause to the court without protest. They would have willingly accepted the decision had it been favorable to them, and they cannot be heard to complain on this ground because it is against them.

We proceed now to consider the equities of the parties incident to a partition of the land. The defendants ask to be reimbursed for moneys expended in purchasing outstanding tax titles and in improving the property. In the case of *Brown v. Homan*, 1 Neb. 448, it was held that the purchase by a tenant in common of an outstanding title to, or incumbrance on, the joint estate, would inure to the common benefit and entitle the purchaser to contribution. And this is believed to be the universal rule. (See collection of cases in 7 Am. & Eng. Ency. Law [2d ed.] 354.) By compromising the actions against Shrauger and Nedrow, and obtaining their interests under the tax deed issued to Towle, the defendants secured for themselves and for the plaintiffs, as their lessors and co-tenants, the immediate, peaceable possession of the land, and thus extinguished a valid lien and an adverse occupancy. Having shared in the benefits of the purchase, and claiming now the fruits of the lease which became at once effective by the settlement of the litigation, the plaintiffs are bound to contribute their just proportion of the amount paid by the defendants in effecting the com-

promise. (*Titsworth v. Stout*, 49 Ill. 78; *Lee v. Fox*, 6 Dana [Ky.] 172; *Oliver v. Montgomery*, 42 Ia. 36; *Moon v. Jennings*, 119 Ind. 130; *Watson's Appeal*, 90 Pa. St. 426; *Packard v. King*, 3 Colo. 214; *Calkins v. Steinbach*, 66 Cal. 117.) But the claim of the defendants for money expended in purchasing the interest of Charles Brunn is on an entirely different footing. It cannot be allowed. At the time Brunn's rights were acquired the defendants had no title to the land. They were not the plaintiffs' co-tenants and did not actually, or by implication of law, purchase for the benefit of the plaintiffs, as well as for their own advantage. By the Brunn deed they secured for their own exclusive benefit a lien for the amount of the taxes paid by Brunn. This lien they might have enforced by an appropriate action seasonably brought. They were entitled to have one-sixth of the amount paid by them charged as a specific lien against plaintiff's interest in the land, and to obtain satisfaction by a sale of such interest. They, however, failed to move in the matter within the time limited by the statute for that purpose, and, under the decisions of this court, their lien is now extinguished. An action for the enforcement of a tax lien is barred at the expiration of five years from the time the cause of action accrued. (*Helphrey v. Redick*, 21 Neb. 80; *Warren v. Demary*, 33 Neb. 327; *Black v. Leonard*, 33 Neb. 745.) It is also settled by *Alexander v. Thacker*, 43 Neb. 494, that the statute in such cases begins to run when a void tax deed is issued, and not at the time such deed is judicially determined to be null. The vital infirmity of the treasurer's deed to Brunn was congenital, and, therefore, the execution of that instrument, and the failure of the title which it assumed to convey, were concurrent events. And according to the rule established by *Alexander v. Shaffer*, 38 Neb. 812, and *Foree v. Stubbs*, 41 Neb. 271, when the cause of action became barred the lien itself was extinguished and ceased to be a charge upon the land.

Since the defendants have been in possession of the

land they have made lasting and valuable improvements thereon. These improvements were made without the privity or consent of the plaintiffs, but not in ignorance of the fact that they were co-owners. Under these circumstances, if the property can be divided without prejudice to the rights of the parties, there should be set apart to the defendants the portion on which the improvements are situated, and if it cannot be divided, but must be sold, there should be deducted from the gross proceeds of the sale such sum as, in the opinion of the court, the salable value has been enhanced by such improvements, and the balance should be divided between the litigants according to their respective interests. This is the general rule and is sustained by the great weight of the authorities, but exceptional cases may arise in which it would be inequitable to permit it to govern. (*Sarbach v. Newell*, 30 Kan. 102; *Dean v. O'Mera*, 47 Ill. 120; *Moore v. Thorp*, 16 R. I. 655; *Ford v. Knapp*, 102 N. Y. 135; *Johnson v. Pelot*, 24 S. Car. 255; *Ward v. Ward*, 40 W. Va. 611.) There is, however, no difficulty in applying it in this case, for plaintiffs in their brief say: "We have no purpose, nor are we instructed, to insist upon anything that is not plainly justifiable upon the broadest principles of equity and exact justice. Our first and only purpose was to procure a division of this land according to the rights of the parties. When we take twenty-six acres and a fraction from one side of the quarter section in question, we do not expect the court to advise the referees to give us the part upon which the most valuable improvements are located. We do not ask that. We only want the land, and if in the division of the land some of the hedge fence shall be given to us, we are willing to pay for that, if our friends on the other side will pay us for the use of the land while they have had it, and we are willing that a balance shall be struck on the basis of our share of the Shrauger claim, coupled with the improvements on the part that shall be awarded to us, provided, as against that, the appellants be required to account for the use of

the land for the last twelve years." In view of the conclusions reached on the several questions discussed by counsel, we find no difficulty in adjusting the rights of the parties in accordance with the foregoing offer and request. It now remains to dispose of the claim of the plaintiffs for use and occupation. The lease executed to the defendants was for a term of three years and imposed on the lessees the duty of paying taxes and making repairs. Neither at the expiration of the term fixed, nor afterward, was there any communication between the parties indicating a surrender of the demised interest or a termination of the tenancy by mutual consent. The defendants, however, paid the taxes and made necessary repairs up to the time this action was commenced, without demanding contribution. From these facts we infer that they continued to hold under the lease and subject to its provisions. Indeed, there is excellent authority for presuming, from the mere retention of possession, that the relation of landlord and tenant continued, as in other cases, under an implied renewal of the contract. (*Chapin v. Foss*, 75 Ill. 280; *Harry v. Harry*, 127 Ind. 91, 26 N. E. Rep. 562; *O'Connor v. Delaney*, 53 Minn. 247.) The holding, then, being under the lease, the provisions of that instrument fix the mutual rights and obligations of the parties with reference to taxes and rent during the entire period that the defendants have been in possession of the property.

The judgment, to the extent that it confirms the shares of the parties and directs partition to be made, is affirmed. In all other respects it is reversed. The cause is remanded to the district court with direction to allot to the defendants the portion of the land upon which are situated the most valuable improvements, and to charge upon the share assigned to the plaintiffs a lien in favor of the defendants (1) for the value of any improvements placed by them on that part of the land; (2) one-sixth of the amount paid for the conveyances obtained from Shrauger and Nedrow; and (3) interest on the latter sum

at the rate of seven per cent from the time the money was expended. If the land shall be sold, in consequence of being incapable of physical division without prejudice to the owners, the court will ascertain what sum has been added to its sale value by the improvements in question. Such sum shall be awarded to the defendants, and the balance only shall be subject to distribution.

JUDGMENT ACCORDINGLY.

IRVINE, C., not sitting.