CAROLINE KNAUF ET AL., APPELLANTS, V. ANNA J. MACK
ET AL., APPELLEES.

FILED APRIL 17, 1913. No. 17,147.

1. Wills: CONSTRUCTION: DEVISE: PARTITION: REPAIRS: DESTRUCTION:
OF HEDGES: DISTRIBUTION. A testator, the owner of real estate,
devised his land to his sister for life, remainder in fee to her son,
upon condition that he outlived his mother, the life tenant. In
case of his death before her decease, the land should be sold after
her death, and the proceeds divided between a daughter of his
sister and certain collateral relatives in Germany, the niece taking
one-half, the other half to be equally divided between the foreign
legatees. The will also provided that neither the niece nor her
husband should have any interest in testator's property. The will
was admitted to probate, and the life tenant retained possession
of the land until her death, which occurred nine years after the
death of the testator. Her son, the conditional devisee of the
remainder, died during her lifetime. During her lifetime her
daughter and her husband occupied the farm with her, paying her
rent therefor. During her life, and the tenancy of the daughter,
certain repairs were made upon the land by the daughter. During
the same period certain hedges growing upon the land were cut
down. At the time of the decease of the testator there was a
valid mortgage on the whole of the land, and which became due
thereafter. *Held*, First, that neither the daughter of the life
tenant, nor the foreign legatees, had any interest in the land, and
neither was entitled to partition thereof. Second, that the
daughter of the life tenant was not entitled, as against the other
legatees, to compensation for repairs upon the land during the
lifetime of the life tenant in possession. Third, that she was not
chargeable for damages to the realty caused by cutting the hedges

during the life and possession of the life tenant. Fourth, that the only interest she had in the estate was her distributive share of the proceeds of the sale, after the payment of the costs and the indebtedness of the testator.

2. **Partition**: CROSS-PETITION: ISSUES: REVIEW. The owner of the mortgage, executed by the testator, was made a party to the suit of the foreign legatees, and he appeared, set up his mortgage, and asked a foreclosure thereof, to which no objection was made, and a decree was entered foreclosing his mortgage. Whether the proceeding was or was not regular, the issue was tried, and no objection can now be made to it. *Carson v. Broady*, 56 Neb. 648.

3. ——: ——: SALE: REVIEW. Since the will gave no direction as to who should sell the land, and conferred no specific authority upon any one to make the conveyance, it was not prejudicial error for the district court to direct the sale in the foreclosure proceeding; the surplus, if any, to be paid into court for distribution according to the provisions of the will. The court having acquired full jurisdiction over the subject matter and all the parties interested, it was proper to retain such jurisdiction and finally close the litigation.

4. *Carson v. Broady*, 56 Neb. 648, distinguished.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed in part, and reversed in part.*

*S. L. Geisthardt*, for appellants.

*Reavis & Reavis*, contra.

REESE, C. J.

It appears from the record in this cause that Karl (sometimes written Charles) Becker, a resident and citizen of Richardson county, died on the 3d day of October, 1900, seized in fee of the south half of the southwest quarter of section 25, township 3, range 16, in said county. He died leaving a last will and testament, which was subsequently admitted to probate in the county court of said county. We are unable to find a complete copy of the will in the record, but the part set out, upon which this controversy arises, is copied and apparently agreed

upon as all that is necessary to be considered, and it will be so treated. He was unmarried. His sister, Elizabeth Heuser, survived him. The clause of the will out of which the dispute arises is as follows: "My sister Elizabeth Heuser *nee* Becker, shall up to the time of her death, have unlimited control over my farm. After the death of my sister Elizabeth Heuser *nee* Becker neither Anna Johanna Mack *nee* Heuser nor her husband Jacob Friedrich Mack shall have any claim or right to any of my former property; but it shall belong to the son of my sister Heinrich Julius Martin Heuser. Should the son of my sister Heinrich Julius Martin Heuser die before his mother Elizabeth Heuser *nee* Becker, then and in that case my former property shall be sold to the highest bidder, and the amount realized from said sale, shall be divided in two equal parts. The first one-half my sister's daughter Anna Johanna Mack *nee* Heuser, shall receive; the second half shall be divided in equal shares between the children of my brothers and sisters in Germany, who are still alive at that time."

Mrs. Heuser died about the 1st day of October, 1909. Prior to her decease her son, Heinrich Julius Martin Heuser, departed this life, so at the time of her death there was no one in whom the fee in remainder could, by virtue of the will, vest. After the death of the testator, the property was occupied by the life tenant to the time of her death. With her the said Anna Johanna Mack, her daughter, and Jacob Friedrich Mack, husband of Anna Johanna Mack, resided on and cultivated the farm. After her decease they continued their occupancy to the time of the trial. The estate was closed by the administrator, with the exception of disposing of the land, and he sought the direction of the court as to his duties under the will. The children of the testator's brothers and sisters, all of whom lived in Germany, brought suit to have the land sold and the proceeds of the sale divided as directed in the will, making the Macks, Jussen, the administrator, William Becker, Jr., August B. Becker, John W. Powell

and Peter Frederick, Sr., the four latter mortgagees of record, defendants.

The Macks answered, setting up the clause of the will, claiming that, as Anna Johanna was to have one-half of the estate, they were the owners of one-half of the real estate, and on which they had made improvements, and that they were entitled to the 40 acres on which they resided, and therefore that the land should be partitioned, allowing them the designated 40 acres on which they lived, and praying for partition accordingly. August B. Becker filed his answer and cross-petition, alleging the ownership of a mortgage by assignment for $1,200, executed by the testator in his lifetime, which was unpaid, and seeking a foreclosure of the mortgage. Jussen, the administrator, answered, asking instructions as to his duties under the will. Replies were filed forming issues on the answers and cross-petition. The cause was tried to the court, resulting in a decree foreclosing the mortgage in favor of August B. Becker, in default of payment ordering the land all sold to satisfy the same, and that Anna Johanna Mack was entitled to partition.

It will be noted that the will provides that neither Anna Johanna Mack nor Jacob Friedrich Mack "shall have any claim or right to any of my former property," but that, after the termination of the life estate of Elizabeth Heuser, the land should vest in fee in her son, but if he die before his mother, the property "shall be sold to the highest bidder, and the amount realized from said sale shall be divided in two equal parts," one-half to Anna Johanna Mack, the other half to the designated legatees in Germany, thus clearly indicating the intention of the testator that Anna Johanna Mack shall not receive any part of the land, but that what she should receive would be in money. Therefore, we find no authority for the partition of the land as demanded by her. It is to be further noted that the copy of the part of the will before us gives no direction as to by whom the land is to be sold, the provision being that it "shall be sold to the highest bidder."

There is some objection to the foreclosure of the mortgage in this action. If we concede that the proceeding is somewhat irregular, although we do not so decide, yet, as the issue was presented by the pleadings without any attack, and the court given jurisdiction of the whole matter, we are unable to see who could be prejudiced thereby. If the land is "sold" under the foreclosure proceeding, it would avoid the necessity of a sale by any other person. If then the surplus, if any, is divided in accordance with the provisions of the will, those provisions will have been carried out in all essential particulars. We see no prejudicial error in the order directing the land to be sold under the foreclosure proceedings.

A claim was presented against the Macks for the rents and profits of the land for the years 1909 and 1910. The life tenant died in October, 1909. The court properly refused to charge them with the rents and profits of 1909, but charged them with the rent for 1910 in the sum of $320. It was further sought to charge them with the value of certain hedges on the farm alleged to have been destroyed during their possession of the land; but, as the evidence tends to show that whatever injury was done to the hedges was done during the lifetime and possession of the life tenant, it should not be charged to Mrs. Mack. Mrs. Mack presented a claim of about $700 for repairs and betterments placed upon the land. She testified that none of them had been made since the death of her mother, the life tenant. There was therefore no error in refusing to allow her anything in that behalf. This case is therefore clearly distinguished from *Carson v. Broady*, 56 Neb. 648.

The decree of the district court wherein it orders a partition of the land is reversed and partition is refused. That part of the decree ordering the foreclosure of the mortgage and sale of the property thereunder is affirmed. If it shall appear that any party to the suit has paid off the mortgage debt as permitted by the decree, either by redemption or assignment, such party will be entitled,

after the payment of the costs, to the reimbursement of the amount so paid, with interest, before a division of the proceeds of sale is made. Of the surplus, if any remains, Anna Johanna Mack will be entitled to one-half, and the legatees in Germany the other half, as directed by the will.

The cause is remanded to the district court, with directions to proceed as indicated in this opinion.

JUDGMENT ACCORDINGLY.

BARNES, LETTON and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.