## FIRST NAT. BANK OF MADILL v. ROSS.

No. 8234—Opinion Filed Aug. 14, 1917.

(167 Pac. 211.)

### Bills and Notes—Part Payment—Instruction.

In an action by a bona fide holder of a negotiable promissory note, where there is a plea of part payment and of tender of the balance, it is error to refuse a requested instruction that, if the jury find that the defendant paid to the original payee of said note any sum of money after the sale of said note by the payee to the plaintiff, such payment could not be considered as a credit on such note, unless the payee, when receiving payment acted as agent for the plaintiff, unless they further find that said payment was afterwards paid on said note to the plaintiff, or that the receipt of such payment by the original payee was ratified by the plaintiff.

(Syllabus by Rummons, C.)

Error from County Court, Carter County; Thomas W. Champion, Judge.

Replevin by the First National Bank of Madill against W. F. Ross. Judgment for plaintiff for the sum of $70, and in favor of the defendant for costs, and plaintiff brings error. Reversed and remanded.

Geo. S. March, for plaintiff in error.

J. B. Champion, for defendant in error.

Opinion by RUMMONS, C. This is an action in replevin brought by the plaintiff in error against the defendant in error, for the possession of certain chattels described in a chattel mortgage executed by the defendant in error to secure the payment of a promissory note upon which there was claimed to be a balance due of $195, together with interest and attorney's fees. The parties will be hereinafter designated as they appear in the court below. The defendant answered the petition of plaintiff, pleading payment of the sum of $350, and a tender to plaintiff of a balance of $70, upon said promissory note. The cause was tried to a jury, resulting in a verdict for the defendant for the possession of the property, directing that the defendant pay to plaintiff $70, without interest or costs of suit. Upon this verdict the court entered judgment for the plaintiff for the sum of $70, and for the defendant for the costs of the action. Plaintiff, having unsuccessfully moved for a new trial, prosecutes this proceeding in error.

The only assignment of error necessary to be considered complains of the refusal by the court of the following instruction requested by plaintiff:

"That if they find that the defendant paid to one R. H. Chowning any sum of money after the sale of the said note in question by said Chowning to the plaintiff herein, and said Chowning was not, when receiving said sum, acting as agent for the plaintiff, then and in that event said payment could not be considered as a credit on the note, unless they further find that said payment was afterwards paid on said note to the plaintiff, or that said payment to said Chowning was ratified by the plaintiff herein."

The record discloses that the promissory note executed by the defendant was negotiable and was executed on November 24, 1913, payable to R. H. Chowning or order, on October 15, 1914; that Chowning negotiated said note to the plaintiff on December 29, 1913. The defendant testified that he paid R. H. Chowning $125 on this note in May, 1914; that in November, 1914, he paid or caused to be paid to plaintiff the sum of $225, in two payments of $125 and $100, respectively; that afterwards, in November, 1914, he tendered plaintiff the sum of $70 as the balance on said note. There was no attempt on the part of the defendant to dispute the fact that plaintiff was a bona fide holder of the promissory note. The plaintiff's evidence denied the receipt of any payment, except the payment of $125 and $100 in November, 1914. There was no evidence that Chowning represented the plaintiff in any way, or that plaintiff in error received the payment of $125 claimed to have been made to him in May, 1914, or that it had ever ratified the acceptance of said payment.

This note being negotiable, the defendant was bound to take notice of the fact that his obligation was liable to be transferred to some other person than the payee before maturity, and it was his duty to see to it, upon making payment, that the note was in the possession of the person to whom payment was made. In the case of Smith v. First National Bank of Cadiz, 23 Okla. 411, 104 Pac. 1080, 29 L. R. A. (N. S.) 576, Mr. Justice Kane, who delivered the opinion of the court, quotes with approval from the case of Hollinshead v. John Stuart & Co., 8 N. D. 35, 77 N. W. 80, 42 L. R. A. 659, as follows:

"With respect to negotiable paper the rule is different. The maker must, at his peril, ascertain at the time of payment whether the payee is still the owner thereof. Although the purchaser of such paper does not notify the debtor of the fact of such purchase, and although the latter is ignorant thereof, still he is in law chargeable with notice of the rights of the purchaser, and therefore he pays the original creditor at his own risk."

The instruction requested by plaintiff embodied a correct statement of law, though it is possibly more favorable to the defendant than the record warrants. The court, in the instructions given the jury, nowhere advises the jury as to the law with respect to payments made upon a negotiable promissory note to one other than the actual holder thereof. The court instructed the jury upon the question of payment as follows:

"If, upon the other hand, you believe from a fair preponderance of the evidence that the defendant, W. F. Ross, paid said note, all but $70, at the time of the institution of this suit, that prior to the institution of this suit he tendered and offered to pay the $70, with its accumulated interest, and that the plaintiff, the First National Bank of Madill, refused to accept same, then in that event you will find for the plaintiff the sum of $70, now due, and which was tendered, if you find there was only $70 due at that time."

"The payments which the defendant claims to have made upon said note must be shown by a fair preponderance of the testimony. You will apply the evidence to these instructions, which is the law of this case, and return your verdict accordingly."

The plaintiff, having by its requested instruction called the attention of the trial court to its theory of the case, was entitled to have the court instruct the jury upon the law applicable to such theory, and the failure of the court to so instruct constitutes reversible error.

The judgment of the court below should be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.