692

McGINLEY et al. v. CENTRAL NEBRASKA
PUBLIC POWER & IRRIGATION
DIST. et al.

No. 12088.

Circuit Court of Appeals, Eighth Circuit.

Jan. 15, 1942.

C. L. Baskins, of North Platte, Neb. (M. E. Crosby, of North Platte, Neb., on the brief), for appellants.

William E. Shuman, of North Platte, Neb. (Bert L. Overcash, of North Platte, Neb., on the brief), for appellees.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is prosecuted from a final judgment (on appeal from appraisers' award) for damages for land taken in condemnation proceedings to the use of the Keystone dam and reservoir project. Cora E. Peterson had a life estate in the land and she and her husband were in possession of and living upon it at the commencement of the condemnation and had for a long time used it in connection with other lands for their farming and livestock business. The life estate in the land had been conveyed to Cora E. Peterson by her father in 1917 when it was vacant and unimproved and in the course of the years she and her husband had placed improvements upon it which according to the jury's special verdict enhanced its value in the sum of $7,258. The judgment appealed from awards that part of the condemnation money which the jury attributed to the improvements to the life tenant, Cora E. Peterson, and G. J. McGinley, trustee, has appealed, asserting a right to the money as the representative of the remaindermen.

It appears that the granting clause of the deed under which Cora E. Peterson held the land was as follows: "do hereby sell and convey unto the said Cora E. Peterson, an estate for and during her natural lifetime with the remainder to the child or children of her body begotten, and to the issue of any deceased child or children of her body begotten by right of representation, and in case of the said Cora E. Peterson departing this life without leaving any child or children of her body begotten surviving her, or any child or children of any deceased child or children of her body begotten surviving her, then to her brother or brothers, and sister or sisters, and child or children of any deceased brother, or brothers, and sister or sisters by right of representation, in and to the following described premises, situate in the County of Keith, and State of Nebraska, to-wit: the Southeast Quarter (SE ¼) of Section Thirteen (13) in Township Fifteen (15) North, of Range Forty (40) West of the 6th P. M., without any power of sale, and without any power to incumber said life estate by the said Cora E. Peterson, a reasonable rental for said premises, however, to be paid by said remainder men to the surviving widower of

said Cora E. Peterson, if any such there be, as long as he remains unmarried."

Cora E. Peterson was 55 years of age at the time of the filing of the condemnation petition and was in good health, having a life expectancy of about 17 years, and she had never had a child. Her husband was about a year older and his health was also good. As it was impossible under the conditions of the deed to Cora E. Peterson to determine prior to the time of her death who would become entitled to the land at the termination of the life estate granted to her, proceedings were had in the state court in which a trust was declared in that portion of the condemnation money which those entitled to the estate in remainder, whoever they may be, ought to receive. The appellant G. J. McGinley was appointed trustee for the fund. He contended in the District Court, and renews the contention here, that the part of the condemnation money attributed to the improvements put upon the land by Cora E. Peterson ($7,258) ought to be distributed to him as trustee to pay the income that he may derive from it to Cora E. Peterson during her life and at her death to apportion the corpus to those who may then be entitled as remaindermen. The sole question presented on the appeal is whether the portion of the condemnation money referred to should be paid to Cora E. Peterson or to the appellant trustee for those who are or may become entitled under the deed to the estate in remainder.

■ Although the condemnation proceedings for taking the land were brought by the Central Nebraska Public Power and Irrigation District as a licensee under the Federal Power Act, 16 U.S.C.A. § 791a et seq., the law of Nebraska controls as to the respective rights of the landowners in and to the condemnation money as between themselves and it is conceded that there is no Nebraska statute or decision which is conclusive upon the precise question before us. On the general law the appellant cites many cases to the point that as a general rule a life tenant of land who makes improvements thereon does not come within the purview of occupying claimants' acts, nor can a charge be made upon the lands or the inheritance for such improvements. The appellee, on the other hand, gives us numerous citations to the effect that a life tenant may remove any of the improvements he puts upon the land, providing he does not commit waste or injury to the premises, and that remaindermen are only entitled to receive the estate in the same condition as it was at the beginning of the life tenancy, natural wear and tear excepted. But on the question of distributing condemnation money attributable to improvements made by a tenant for life upon lands taken in condemnation, we find no general law to control decision here.

The situation presented to the Nebraska Supreme Court in Carson v. Broady, 56 Neb. 648, 77 N.W. 80, 71 Am.St.Rep. 691, however, was closely comparable to that which we must decide. There was a suit to partition lands found to be owned by tenants in common but one of the tenants had had exclusive possession of the joint estate and had made lasting and valuable improvements thereon without consulting the co-tenant. It was held that in partition the lands upon which the improvements were situated should be allotted to the co-tenant who had put the improvements on the land, if that could be done without prejudice to the rights of his co-owner. But if "the property is not susceptible of physical division, it should be sold, and the proceeds divided, after deducting therefrom, for the benefit of the party in possession, such sum as the court shall determine the salable value has been enhanced by the improvements." Syl. 10.

■ Although it is true that distinctions exist between the incidents of land ownership by tenants in common and ownership by life tenants and remaindermen, and between proceedings in partition and proceedings in condemnation, a partition sale results in a fund to be distributed to the owners of the land and so does condemnation. The reasoning of the court which led it to conclude that the co-tenant in exclusive possession was entitled to receive out of the partition sale fund the part of the sale value attributable to his improvements compels the conclusion in this case that the life tenant is entitled to receive the part of the condemnation money which is attributable to her improvements. A contrary decision could not be fairly reconciled with the opinion in Carson v. Broady, supra, even if there were firmly established general law in favor of the appellant trustee for the remaindermen. But at the end of diligent search, no single condemnation case has been cited in which a life tenant has been deprived in favor of remaindermen of the part of the condemnation money found to be attributable

694

to the life tenant's improvements on the property. The following cases tend to support the judgment for the life tenant: Searl v. School-District No. 2, 133 U.S. 553, 10 S.Ct. 374, 33 L.Ed. 740; Carlock v. United States, 60 App.D.C. 314, 53 F.2d 926; United States v. Smith, D.C., 110 F. 338; Charleston & W. C. Ry. Co. v. Hughes, 105 Ga. 1, 30 S.E. 972, 70 Am.St. Rep. 17; Chicago, P. & St. L. Ry. Co. v. Vaughn, 206 Ill. 234, 69 N.E. 113; Chicago & Alton Railroad Co. v. Goodwin, 111 Ill. 273, 53 Am.Rep. 622; 21 C.J. 954. Nor do we find any equities in favor of the remaindermen in this case. The life tenant in exclusive possession of the land made the improvements in question out of her own resources to be used in her own business which extended beyond the particular land on which they were situate. Although it is alleged that they were permanent in character, there is no evidence as to their probable value at future dates. It also appears that there are no remaindermen in esse who have any certain expectancy in relation to the land. Their interest is entirely contingent upon the possible failure of surviving issue of the body of Cora E. Peterson.

We need not declare broadly that in condemnation proceedings in Nebraska a life tenant always takes the part of the condemnation money attributable to his improvements to the exclusion of the remaindermen under all circumstances. As indicated in Carson v. Broady, supra, the equities between the owners of the several estates may control some cases. But we conclude here that the award of the portion of the condemnation money in controversy made by the District Court was in accord with Nebraska law.

Affirmed.